RONALD PRESTON *v.* LORI A. WELLSPEAK
(AC 20549)

Schaller, Mihalakos and Zarella, Js.

Submitted on briefs October 18, 2000—officially released February 27, 2001

*Neil Johnson* filed a brief for the appellant (plaintiff).

*Susan L. Miller* filed a brief for the appellee (defendant).

### Opinion

MIHALAKOS, J. In this negligence action, the plaintiff, Ronald Preston, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant, Lori A. Wellspeak. On appeal, the plaintiff claims that the court improperly denied (1) his motion for judgment notwithstanding the verdict and (2) his motion to set aside the verdict. We affirm the judgment of the trial court.

The procedural history is relevant to this appeal. The plaintiff commenced an action against the defendant seeking damages for personal injuries that he allegedly sustained in a motor vehicle accident caused by the defendant's negligence. In his complaint, the plaintiff alleged that on September 13, 1995, he stopped his vehicle in the northbound lane of Route 5 in Enfield and was waiting to turn left when a southbound vehicle driven by the defendant crossed the center line and struck his vehicle. The plaintiff alleged that as a result of the collision, he (1) sustained "physical, mental and emotional injuries," including a permanent injury to his

lower back, (2) incurred medical expenses for hospitalization, physician's care and medication, (3) would continue to incur medical expenses in the future and (4) suffered a loss of earnings and future earning capacity. In her answer, the defendant denied that she was liable to the plaintiff and that the plaintiff had sustained any injuries.

At the trial, four witnesses were called to testify: The plaintiff; the defendant; George B. Curry, the plaintiff's chiropractor; and Anthony Spinella, an orthopedic surgeon. From their testimony and the exhibits admitted at trial, the jury reasonably could have found the following facts.

At the time of the accident, it was raining lightly. The defendant was driving south on Route 5 at approximately thirty miles per hour. When she approached within five or six car lengths of the traffic light at the Park Street intersection, the traffic light turned yellow. She immediately applied the brakes, and her vehicle began to skid. She attempted to regain control of her vehicle by pumping the brakes and turning the steering wheel.[1] The wheels of the plaintiff's vehicle did not lock up during the incident. Just prior to the impact, the plaintiff heard skidding and saw the defendant's vehicle spinning out of control as it was coming toward him. After the impact, paramedics transported the plaintiff to Johnson Memorial Hospital, and later he was transferred to Baystate Medical Hospital, where he was examined further and discharged. Three hours after he was discharged, the plaintiff returned to Baystate Medical Hospital and indicated to the staff that his leg was numb. The numbness in his leg dissipated after a couple of days.

The jury returned a general verdict in favor of the defendant. The plaintiff timely filed a motion for judg-

---

[1] The defendant could not recall the direction in which she had turned the steering wheel.

ment notwithstanding the verdict and a motion to set aside the verdict. The substantive arguments made in these motions were identical. The court denied both motions and rendered judgment in accordance with the verdict, and this appeal followed.

It is well established that appellate review of a trial court's denial of a motion for judgment notwithstanding the verdict is limited. *Grayson* v. *Wofsey, Rosen, Kweskin & Kuriansky*, 231 Conn. 168, 178, 646 A.2d 195 (1994). Appellate review of a trial court's denial of a motion to set aside a verdict is subject to the same limitations. Id. In reviewing the trial court's denial of each motion, our function is to determine whether the trial court abused its discretion. Id. Absent an abuse of discretion, this court will uphold the denial. With this standard of review in mind, we turn to the plaintiff's claims.

The plaintiff's initial claim is that the court improperly denied his motion for judgment notwithstanding the verdict. We disagree.

"The rules of practice establish a procedure pursuant to which a motion for a directed verdict, if denied, is considered *renewed* by the motion for judgment notwithstanding the verdict." (Emphasis in original.) *Salaman* v. *Waterbury*, 246 Conn. 298, 309, 717 A.2d 161 (1998). Practice Book § 16-37 "provides for a motion for judgment notwithstanding the verdict 'in accordance with [the party's] motion for a directed verdict.' " Id. The rules of practice do not provide another avenue for a party to move for judgment notwithstanding the verdict.

In the present case, the plaintiff did not move for a directed verdict. Thus, his motion for judgment notwithstanding the verdict was not properly before the court. Accordingly, the court did not abuse its discretion in

denying the plaintiff's motion for judgment notwithstanding the verdict.

The plaintiff's final claim is that the court improperly denied his motion to set aside the verdict. We disagree.

When considering a motion to set aside the verdict, this court's function is to "determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted.) *Skrzypiec* v. *Noonan*, 228 Conn. 1, 10, 633 A.2d 716 (1993). A "court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be indulged in favor of its correctness. . . . This is so because [f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury." (Citations omitted; internal quotation marks omitted.) Id., 10–11.

In his motion to set aside the verdict, the plaintiff claimed only that the jury's conclusion regarding liability was erroneous and, therefore, that the verdict was against the evidence. In support of his claim, the plaintiff focused on (1) the evidence presented at trial showing that the defendant's vehicle skidded before impact and (2) the defendant's testimony indicating that she could not recall whether she had "countersteered"[2] after her vehicle had begun skidding.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). To have proven his claim of negligence, the plaintiff

---

[2] At trial, the defendant argued that it is prudent for a driver to steer in the direction that her vehicle is skidding when attempting to regain control of her vehicle. The defendant referred to this practice as "countersteering."

must have established each of these elements by a preponderance of the evidence. See *Carano* v. *Moomey*, 51 Conn. App. 382, 389, 721 A.2d 1240 (1998), citing *Santopietro* v. *New Haven*, 239 Conn. 207, 225, 682 A.2d 106 (1996). At trial, the defendant testified that after she had applied the brakes, her vehicle began to skid. Because "evidence of skidding is not, in and of itself, evidence of negligence"; *Lowell* v. *Daley*, 148 Conn. 266, 273, 169 A.2d 888 (1961); the plaintiff was required to prove other facts to support his allegation that the defendant breached a duty of care owed to him.

The plaintiff also elicited testimony from the defendant that revealed that the defendant could not recall the direction in which she turned the steering wheel when she had tried to regain control of her vehicle. This testimony does not prove, however, that she failed to steer her vehicle in the "proper" direction. More importantly, the jury was free to credit the testimony presented by the defendant that indicated that she had been driving at a reasonable speed and had exercised reasonable measures to regain control of her vehicle. See *Skrzypiec* v. *Noonan*, supra, 228 Conn. 11 (jury entrusted with choice of which evidence is more credible and what effect it is to be given). The jury reasonably could have concluded that the plaintiff failed to prove that the defendant breached a duty of care. Thus, when viewed in the light most favorable to the prevailing party, the evidence reasonably supports the jury's verdict. Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.