# MARY JANE PATCHELL *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD ET AL.
## (AC 19761)

Lavery, C. J., and Spear and Dranginis, Js.

Argued January 9—officially released April 24, 2001

*Roger Sullivan*, with whom were *Anthony G. Apicella* and, on the brief, *Douglas J. Apicella*, for the appellant (plaintiff).

*David A. Haught*, with whom, on the brief, was *Paul A. Croce II*, for the appellee (named defendant).

*Michael P. Del Sole*, for the appellee (defendant Deborah Fiducia).

*Opinion*

DRANGINIS, J. The plaintiff,[1] Mary Jane Patchell, appeals from the judgment of the trial court rendered following the denial of her motions to set aside the verdict.[2] On appeal, the plaintiff claims that the court improperly (1) denied her motions to set aside the verdict and (2) instructed the jury on damages. We disagree and, accordingly, affirm the judgment of the trial court.

The jury reasonably could have found the following facts as to the accident that is the basis of this action. On February 4, 1989, in North Haven, the plaintiff was driving an automobile when she was struck in the rear by a truck owned and operated by Karl Helff. Helff was driving north on Montowese Avenue when he heard some furniture shift in the bed of his pickup truck. When he turned to look at the furniture in the back of his truck, his foot slipped from the brake pedal to the accelerator and he collided into the rear of the plaintiff's vehicle. The plaintiff was stopped in traffic at the time of the collision.

[1] On July 16, 1998, Mary Jane Patchell, the original plaintiff, died. The action was continued by her husband, Robbie Patchell. For purposes of this opinion, references to the plaintiff will be to Mary Jane Patchell.

[2] There are two separate defendants involved in this appeal, the Automobile Insurance Company of Hartford, and its employee and claims adjuster, Deborah Fiducia.

After the collision and at the scene of the accident, the plaintiff got out of her vehicle, cursed at Helff and threatened that her husband would "come after" him. Thereafter, the plaintiff was taken by ambulance from the accident scene to Yale-New Haven Hospital because she complained of neck pain. She was seen in the emergency room and then discharged with a diagnosis of flexion-extension injury to the neck.

Helff had a $20,000 automobile liability insurance policy at the time of the accident, and his insurance company paid that amount to the plaintiff on November 17, 1989. The plaintiff also had insurance and was insured by the defendant Automobile Insurance Company of Hartford. The plaintiff had a total of $600,000 in underinsured motorist coverage at the time of the accident. On November 29, 1989, following the settlement of her claim against Helff, the plaintiff sent a letter to the defendant insurer claiming $580,000 in underinsured motorist benefits. This amount reflected $600,000 of underinsured motorist coverage minus $20,000 already recovered from Helff's insurer. No other interaction occurred between the plaintiff and the defendant insurer for four years.

On June 2, 1994, the plaintiff resumed her claim against the defendant insurer for underinsured motorist coverage because she was experiencing symptoms that she attributed to the 1989 car accident. On January 3, 1998, an MRI was performed that disclosed a tumor on the plaintiff's pineal gland. The tumor was partially removed by surgery and found to be malignant. The plaintiff died on July 16, 1998, from the tumor.

Prior to her death, the plaintiff filed a three count complaint, alleging negligence, breach of an implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. At trial, claims were made on behalf of the plaintiff, by her estate, against

the defendant insurer for neck injuries, headaches and other damages. The plaintiff also alleged intentional infliction of emotional distress against the defendant insurer's claims adjuster, the defendant Deborah Fiducia, individually, based on a statement that she allegedly had made to the plaintiff's attorney during settlement negotiations. The jury found in favor of the defendants on all counts of the plaintiff's complaint.

On May 12, 1999, the jury answered interrogatories in the following manner. To the first interrogatory—"Did Mary Jane Patchell suffer injuries legally caused by the negligence of Karl N. Helff on February 4, 1989?"—the jury answered, "No." To the interrogatory—"Do you find that the offer of settlement in the amount of $12,500 made by the defendant Automobile Insurance Company of Hartford, Connecticut, for Mary Jane Patchell's uncompensated injuries and damages was a breach by the company of the implied covenant, contained in its policy with Ms. Patchell, of good faith and fair dealing?"—the jury answered, "No." To the interrogatory—"Do you find that the defendant Deborah Fiducia stated that Mary Jane Patchell was able to get pregnant and that she had done things to get pregnant?"—the jury answered, "No." After the jury returned the verdict, the court rendered judgment for the defendants in accordance with the verdict. The plaintiff then filed motions to set aside the verdict and judgment. On June 21, 1999, the court denied the plaintiff's motions. This appeal followed. Additional facts will be provided as necessary.

I

The plaintiff's first claim is that the court improperly denied her timely motion to set aside the verdict and judgment as to count one of the complaint, which sought underinsured motorist benefits for injuries allegedly sustained as a result of the negligence of Helff.

The plaintiff argues that the court abused its discretion when it refused to set aside the verdict. Specifically, the plaintiff argues that the verdict was contrary to the undisputed evidence and that the jury could not reasonably have found that the plaintiff had not been injured or that Helff was not the legal cause of her injury.

It is well established that appellate review of a trial court's denial of a motion to set aside a verdict is limited. *Preston* v. *Wellspeak*, 62 Conn. App. 77, 80, 767 A.2d 1259 (2001). "In reviewing the trial court's denial of [a motion to set aside a verdict], our function is to determine whether the trial court abused its discretion. . . . Absent an abuse of discretion, this court will uphold the denial." (Citation omitted.) Id. "Our review of a trial court's decision . . . refusing to set aside a verdict . . . requires us to consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony . . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . A jury verdict should not be disturbed unless it is against [the weight of the] evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality. . . . [T]he evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable." (Internal quotation marks omitted.) *Amsden* v. *Fischer*, 62 Conn. App. 323, 329–30, 771 A.2d 233 (2001).

On the basis of our review of the record, we conclude that a reasonable jury could have found that the actions of Helff were not the legal cause of the symptoms that the plaintiff attributed to the car accident. The jury may have concluded, on the basis of the testimony offered

by James Merikangas, a neurologist and psychiatrist, that the pineal tumor caused the injuries and symptoms that the plaintiff experienced and not the motor vehicle accident with Helff.

The jury may also reasonably have concluded that the plaintiff was not injured in the car accident. That determination would be reasonable because the evidence established that the plaintiff got out of her car after the accident, threatened Helff and sought further medical treatment only after consulting with her lawyer. The evidence presented at trial adequately supported the verdict reached by the jury in favor of the defendant insurer. We conclude that it was within the discretion of the trial court to refuse to set aside the verdict.

## II

The plaintiff's second claim is that the court improperly denied her timely motion to set aside the verdict and judgment as to count two of the complaint. Count two alleged breach of an implied covenant of good faith and fair dealing by the defendant insurer. The plaintiff argues that the court abused its discretion when it refused to set aside the verdict. Specifically, the plaintiff claims that "the verdict [on the second count] was premised on the infirm verdict rendered on the first count." The only support for this claim is the plaintiff's assertion that the jury had no basis for the defendant's verdict in the first count. Our rejection of the plaintiff's claim as to the first count compels us also to reject this claim.

## III

The plaintiff's third claim is that the court improperly denied her timely motion to set aside the verdict and judgment as to count three of the complaint, which alleged intentional infliction of emotional distress by Fiducia. The plaintiff argues that the court abused its

discretion when it refused to set aside the verdict. Specifically, the plaintiff claims that the verdict was contrary to both the undisputed evidence and the judicial admissions contained in Fiducia's answer.[3]

The third count of the plaintiff's complaint alleged intentional infliction of emotional distress. At trial, the plaintiff argued that Fiducia made statements to the plaintiff's lawyer, during settlement negotiations, that constituted intentional infliction of emotional distress. The plaintiff claimed that Fiducia stated that "the plaintiff was able to get pregnant and that she had done things to get pregnant," and that this statement constituted intentional infliction of emotional distress. The jury, by way of interrogatory, determined that Fiducia had not made the statement. On appeal, the plaintiff argues that the jury could not reasonably have answered no to the interrogatory pertaining to count three, and, therefore, the court improperly denied her motion to set aside the verdict. We disagree.

In oral argument concerning the plaintiff's motion to set aside the verdict, Fiducia argued that the jury would have to find that the entire statement had been made as quoted in the complaint to answer the interrogatory in the affirmative. The court stated: "[I]f the plaintiff had alleged and requested an interrogatory that Deborah Fiducia simply stated that Mary Jane Patchell was able to get pregnant and the answer had been 'no,' this would have raised different problems, but that's not the factual setting of the case. The plaintiff made an allegation of a lengthier and multipart statement on Fiducia's part, and, the way it came in, the court is convinced that the jury was not obliged to answer this question 'yes,' it could pick and choose among the evidence before it,

---

[3] As with our review of the plaintiff's first claim, our review of the third claim is under an abuse of discretion standard. *Preston* v. *Wellspeak*, supra, 62 Conn. App. 80.

and the court is convinced that there was a reasonable factual basis for its 'no' answer on this."

The jury reasonably could have found on the basis of the evidence that Fiducia stated only that the plaintiff was "able to get pregnant" and that she did not say what the interrogatory alleged. The jury, therefore, reasonably could have answered "no" to the interrogatory question that asked, "[D]o you find that the defendant Deborah Fiducia stated that Mary Jane Patchell was able to get pregnant and that she had done things to get pregnant." We conclude, therefore, that it was within the discretion of the court to refuse to set aside the verdict.

### IV

The plaintiff's final claim is that the court improperly charged the jury on damages. In light of our conclusion that the trial court properly denied the plaintiff's motions to set aside the verdict in favor of the defendants, we need not address this claim.

The judgment is affirmed.

In this opinion the other judges concurred.