[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND FOR A NEW TRIAL AND JUDGMENT N.O.V.
Background
CT Page 639
The plaintiff fell on a ramp outside of the defendant's store. She testified that she had no idea as to what caused her to fall. A witness to the event also testified that he had not observed anything on the ramp way either.
A general verdict in favor of the defendant was rendered by the jury on 12/20/01. Neither side excepted to the Court's charge. Only the defendant moved for a directed verdict. The court reserved decision on the defendant's motion for a direct verdict.,
The plaintiff has filed within the 10 day limit set by the Practice Book, motions for a new trial, a motion to set aside the verdict and a motion for judgment notwithstanding the verdict.
Standard of Review and Decision
The trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Gaudio v. Griffin HealthServices, 249 Conn. 523, 534 (1999). The court's role in this instance is to determine whether the evidence reasonably supports the verdict. Id. The court concludes that the jury's verdict was fully supported by the underlying factual evidence. See Boretti v. Panacea Co., 67 Conn. App. 223
(2001).
The other grounds articulated in the plaintiffs brief do not rise to the level where a substantial injustice would result if the court were to let the verdict stand. Regarding the claim of an inappropriate restriction of the direct examination of the plaintiff, there was ample opportunity given to the plaintiff to present her case at trial.
Finally, in regard to the request for a judgment N.O.V., since the plaintiff did not move for a directed verdict, such a motion is not permitted. § 16-37. Practice Book. See Preston v. Wellspeak,62 Conn. App. 77, 80-81 (2001).
Conclusion
The plaintiff's post judgment verdict motions are all denied.
THE COURT
 ___________________ JOHN R. DOWNEY, JUDGE.