[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE POST TRIAL MOTION
 I
This medical malpractice case was tried to a jury, which rendered a verdict on November 5, 2001 in favor of the defendant. On April 29, 2002, the plaintiff argued her motion to set aside the verdict on the grounds that the court erred in prohibiting the plaintiff's cross-examination of one of the defendant's experts concerning his connection with Connecticut Medical Insurance Company, hereafter CMIC. Because of this, she claims, a false impression was created that the expert was a neutral and unbiased witness. For the reasons set forth in detail below, this court declines the invitation to correct the claimed error and finds, if there was error, at most it was harmless error in view of the entire expert medical testimony and other evidence in this case.
The precise issue was first addressed in this case on a motion in limine filed by the defendant, which motion the court granted. That motion sought to preclude questions being asked of Dr. Lincer concerning his connection to CMIC, the same mutual insurer that insured the defendant surgeon, Dr. Rocco. The factual basis of the motion in limine was that Dr. Lincer sat on the business development board of CMIC and its board of directors beginning in October 2001. The court concluded that the prejudicial value of the evidence outweighed any probative value it CT Page 6403 might have. The court found that such questioning would create a collateral issue for the jury and that the mention of insurance would, in this context to show bias on the part of the expert, of necessity, introduce the question of defendant's insurance and unnecessarily insert it into the case. See Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199
(1997), on the factors to be considered when the prejudicial effect of otherwise admissible evidence outweighs its probative value. The plaintiff at that time took exception to the court's ruling.
At trial, outside the presence of the jury, the following additional facts were established. CMIC is a mutual insurance company and approximately 60 percent of all physicians in Connecticut are both members and purchase professional malpractice insurance from it. At the time Dr Lincer was asked to review the matter and render his professional opinion, he not only had insurance himself through CMIC, he was also at least tangentially aware that Dr. Rocco did as well. In addition, he had served on the business development committee of the company. In October 2001, he began to serve on the board of directors of the company. The issue of bias or financial interest is raised by the fact that when fewer claims are paid out, the financial interests of all members are favorably impacted. Dr. Lincer could therefore be said to have a financial interest in the outcome of the lawsuit.
In this case, two physicians testified as experts in favor of the plaintiff's claims on the issue of the surgical standard of care for this procedure and two experts for the defendant. In addition, there was deposition testimony by the surgeon who repaired the plaintiff's failed gall bladder surgery. The plaintiff argues that not permitting the cross-examination of Dr. Lincer before the jury was fundamentally unfair and requires that the verdict be set aside and a new trial ordered.
 II DISCUSSION
Standard of Review Concerning Motion to Set Aside a Verdict.
"When considering a motion to set aside the verdict, this court's function is to determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Internal quotation marks omitted.) Skrypiec v. Noonan,228 Conn. 1, 10, 633 A.2d 716 (1993), Preston v. Wellspeak,62 Conn. App. 77, 81, 767 A.2d 1259 (2001). "A trial court may set aside a verdict on a finding that the verdict is manifestly unjust because, given the evidence presented, the jury mistakenly applied a legal principle or because there is no evidence to which the legal principles of CT Page 6404 the case could be applied." Card v. State, 57 Conn. App. 134, 138,747 A.2d 32 (2000). "A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 337, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).
"Before determining whether the granting of a motion to set aside is proper, the trial court must look at the relevant law that it gave the jury to apply to the facts, and at the facts that the jury could have found based on the evidence. The law and evidence necessarily define the scope of the trial court's legal discretion. . . . This discretion vested in the trial court is not an arbitrary or capricious discretion, but rather, it is legal discretion to be exercised within the boundaries of settled law. . . . This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by a jury. . . . The trial court, upon a motion to set aside the verdict, is called on to question whether there is a legal reason for the verdict and, if there is not, the court must set aside the verdict." (Citations omitted; internal quotation marks omitted.) Suarez v. Sordo,43 Conn. App. 756, 759-60, 685 A.2d 1144 (1996), cert. denied,240 Conn. 906, 688 A.2d 334 (1997).
The court has carefully reviewed the exhibits and its extensive notes of the trial. The court concludes from this review that there was more than adequate factual evidence to support the jury's verdict. All the experts testified to different theories of causation about that portion of the plaintiff's bile duct that was found missing after the surgery. Two opined that Dr. Rocco did not meet the standard of care and two believed that, given the complicated nature of this laproscopic procedure, he had met the standard of care. The court finds from its review that there was more than adequate expert testimony regarding the surgical standard of care and Dr. Rocco's compliance with it to support this verdict, even if Dr. Lincer had not testified at all. The court therefore denies the motion to set aside the verdict.
BY THE COURT
BARBARA M. QUINN, Judge