[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
Before the court is a motion to set aside the verdict. The complaint alleged negligence and recklessness against the defendants, Scott Meyer CT Page 8935 and William Meyer, due to an automobile accident involving Scott Meyer and Laura Patterson, the plaintiff.[1] The case was tried on March 12, 2002. On March 13, 2002, the jury found that the defendant was not liable.
The evidence at trial reveals that the plaintiff was on the Trumbull on-ramp, attempting to enter the Merritt Parkway. The defendant was behind her when his vehicle struck her vehicle. At trial, the plaintiff claimed damages to her vehicle and to her neck.
On March 18, 2002, the plaintiff filed a motion to set aside the verdict. The defendant filed his objection on March 25, 2002.
"A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.)Marchell v. Whelchel, 66 Conn. App. 574, 582, 785 A.2d 253 (2001). Moreover, "[t]he evidence is viewed in a light most favorable to the prevailing party and to sustaining the verdict"; Ipacs v. Cranford,65 Conn. App. 441, 443, 783 A.2d 1044 (2001); and "[t]he verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice. . . . Only under the most compelling evidence may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury." (Internal quotation marks omitted.) Hunte v. Amica Mutual Ins. Co., 68 Conn. App. 534, 541,792 A.2d 132 (2002). "A trial court [also] has the inherent power to set aside a verdict where it finds it has made, in its instructions, rulings on evidence, or otherwise in the course of the trial, a palpable error which was harmful to the proper disposition of the case and probably brought about a different result in the verdict." (Internal quotation marks omitted.) Hamernick v. Bach, 64 Conn. App. 160, 163, 779 A.2d 806
(2001).
The plaintiff argues that the verdict is unsupported by the evidence and that the court made two errors. These arguments shall be considered in turn.
The plaintiff raises several points that she contends demonstrate that the verdict is unsupported by the evidence. The plaintiff points to the defendant's testimony that he was one-half a car length behind the plaintiff's vehicle and that, after the accident, the defendant apologized to the plaintiff. The plaintiff also makes much of the fact that, at his deposition, the defendant testified that "if you hit somebody, you're CT Page 8936 obviously following too close." (Trial Transcript, p. 87.)
Viewing the evidence in the light most favorable to the defendant, the plaintiff's arguments are unavailing. The plaintiff, in her brief, admits that there was disagreement as to what happened at the accident. The plaintiff testified that she was completely stopped at the stop sign at the front of the on-ramp for "a few seconds." (Trial Transcript, p. 19.) The defendant testified, however, that the plaintiff had begun to inch forward and had suddenly stopped. (Trial Transcript, p. 90.) On examination by plaintiff's counsel, the defendant testified that the plaintiff had first begun to move forward before he collided with her. (Trial Transcript, p. 85). A reasonable jury could have found that the defendant had not caused the collision because the plaintiff had begun to inch forward and had suddenly stopped before he could react to her stopping and that he had been following a reasonable distance behind her, considering they were both on an on-ramp.[2] Moreover, the appellate courts of this state have upheld jury verdicts that have found for the defendant in a rear-end collision. See Patchell v. AutomobileIns. Co. of Hartford, 63 Conn. App. 42, 46-47, 774 A.2d 1079; Wrinn v.State, 35 Conn. App. 464, 467, 646 A.2d 869 (1994), aff'd, 234 Conn. 401,661 A.2d 1034 (1995).
The plaintiff also points to the fact that the defendant apologized at the scene of the accident and said, in his deposition, that "if you hit somebody, you're obviously following too close." The plaintiff makes too much of these statements. A reasonable jury could have found reasonable explanations for both these statements. As for his apology, the defendant testified that "I was sorry that it had occurred." (Trial Transcript, p. 88.) His testimony indicated that his apology was not an admission of liability but was actually a reaction to the collision itself. (Trial Transcript, p. 88.)
Regarding his statement that "if you hit somebody, you're obviously following too close'" the defendant had first said that "I don't want to sound sarcastic. . . ." The jury was read this part of his deposition testimony. (Trial Transcript, p. 87.) It is possible for a reasonable jury to conclude that the statement was meant to project levity, even if a deposition is not the most appropriate moment for such levity. Moreover, the defendant, on his examination, stated that he had kept a prudent distance up until the time he and the plaintiff halted their vehicles. (Trial Transcript, p. 87.) A reasonable jury could have concluded that the defendant had kept a prudent distance but still collided with the plaintiff due to her starting, then stopping, before going onto the parkway.
The evidence could have been believed by a reasonable jury that the CT Page 8937 defendant had not caused the collision. Accordingly, because a reasonable jury could have found this fact, the court should not grant the motion to vacate the verdict on the basis that the evidence does not support the verdict.
The plaintiff also contends that the court made two errors which would require the court to set aside the verdict. First, the plaintiff contends that the court improperly denied the plaintiff's motion for a directed verdict. Second, the plaintiff contends that the court improperly allowed the jury to have a defendant's verdict form because the defendant had admitted "all relevant and material facts from which only a plaintiff's verdict could be rendered."[3]
Regarding these two arguments, the plaintiff is simply wrong. From the beginning of his examination, the defendant was asked whether he denied causing the accident, to wit, he answered, "Yes, I do. I do." (Trial Transcript, p. 80.) Moreover, his testimony showed that this issue should go to the jury. There was testimony from the defendant that the plaintiff had been the cause of the accident because she had quickly inched forward then suddenly stopped. A reasonable jury could conclude that it was the plaintiff who had caused the accident. "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion." Janusauskas v. Fichman,68 Conn. App. 672, 678, 793 A.2d 1109 (2002). Because there is evidence that a reasonable jury could have found for the defendant, the court did not make an error in denying the plaintiff's motion for a directed verdict or by giving the jury a defendant's verdict form.
For the reasons herein stated, the court denies the motion to set aside the verdict.
BALLEN, J.T.R.