[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST VERDICT MOTIONS
This matter comes before the court concerning motions by the plaintiff Catherine Aultman for additur and to set aside the verdict filed October 23, 2002. On October 10, 2002, after trial, the jury rendered a verdict in favor of the plaintiff against the defendants. Nate Tsianco and Cynthia Tsianco in the total amount of $18,123.25. On November 4, 2002, the court heard oral argument in connection with the motions.
 BACKGROUND
This personal injury case arose from an automobile accident which occurred on December 15, 1995 in Madison, CT. The plaintiff was a passenger in a motor vehicle driven by the defendant Nate Tsianco and owned by his mother, defendant Cynthia Tsianco. At the time of the accident, the plaintiff was 16 years old.
The plaintiff was taken by ambulance to Yale New Haven Hospital. The plaintiff began to treat with Dr. John Aversa, an orthopedic surgeon. He prescribed physical therapy for her neck pain.
The plaintiff alleges that she suffered the following injuries:
1. Bilateral low back pain;
2. Cervical neck pain;
3. Degenerative disc disease at C5-C6; and
4. Bulging disc at C4-C5.
Dr. Aversa referred the plaintiff to Dr. Kramer who specializes in spinal trauma. Dr. Kramer examined the plaintiff and concluded she was a non-surgical candidate and that the C5-C6 disc bulge was of an inconclusive relationship to the motor vehicle accident. CT Page 15732
No doctor assessed a permanent disability rating to the plaintiff. The plaintiff was injured in a subsequent motor vehicle accident.
On October 10, 2002, the jury awarded the plaintiff $7,723.26 in economic damages and $10,400.00 in non-economic damages for a total of 18,123.26.
 DISCUSSION
"When considering a motion to set aside the verdict, this court's function is to `determine whether the evidence, viewed in the light most favorable to the prevailing party. reasonably supports the jury's verdict.' (Internal quotation marks omitted.) Skrypiec v. Noonan,228 Conn. 1, 10, 633 A.2d 716 (1993)." Preston v. Wellspeak,62 Conn. App. 77, 81, 767 A.2d 1259 (2001). "A trial court may set aside a verdict on a finding that the verdict is manifestly unjust because, given the evidence presented, the jury mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case could be applied." Card v. State, 57 Conn. App. 134, 138,747 A.2d 32 (2000). "A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 337, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).
 A WAS THE PLAINTIFF'S MOTION FILED IN A TIMELY MANNER?
This is a motion to set aside the verdict and for additur brought by the plaintiff. Catherine Aultman, against the defendants, Nate Tsianco and Cynthia Tsianco. The plaintiff brought suit against the defendants for negligence in the operation of a motor vehicle. Following trial by a jury, a verdict was rendered awarding the plaintiff $7,723.26 in economic damages and $10,400.00 in non-economic damages. This verdict was accepted by the court on October 10, 2002. On October 23, 2002, the plaintiff filed a motion to set aside the verdict and for additur. The plaintiff argues that the damages awarded are inadequate contrary to the law and contrary to the evidence. The defendants object to this motion on several grounds. including that the plaintiffs motion was not timely filed with the court. They assert that the motion should have been filed on October 22, 2002 at the latest, and because it was filed subsequent to this date. the court has no power to rule upon it. In response, the plaintiff argues that the motion was in fact filed within the proper amount of time CT Page 15733 because intervening holidays and weekends are excluded from the calculation of the required filing date.
Practice Book § 16-35 provides in relevant part that "motions to set aside a verdict [and] motions for additur . . . must be filed with the clerk within ten days after the day the verdict is accepted; provided that for good cause the judicial authority may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies." In addition, Practice Book § 7-17 provides in relevant part that "[i]f the last day for filing any matter in the clerk's office falls on a day on which such office is not open . . . then the last day for filing shall be the next business day upon which such office is open."
In a case similar to the present case, our Supreme Court addressed the issue of the significance of intervening days in which the clerk's office is not open. In Small v. South Norwalk Savings Bank, 205 Conn. 751,535 A.2d 1292 (1988), the plaintiff filed a motion to set aside the verdict six days after the verdict was accepted. which was one day beyond what was required by the rules of practice at that time. The trial court ruled that although the motion had been filed six days after the verdict, a Saturday and Sunday had intervened. Because the clerk's office is not open on those days, the trial court held that they are to be excluded, thus making plaintiffs motion timely. Upon review, the Supreme Court disagreed with the reasoning of the trial court and held that "[i]ntervening nonterminal days in which the clerk's office is not open are immaterial." Id., 758. In reaching this decision, the court relied on Practice Book § 7-17. The court stated that "[b]y its very terms, § [7-17] applies only to the last day for filing or terminal day of the time period." (Internal quotation marks omitted.) Id., 757-58. If the last day for filing falls on a day that the clerk's office is closed, the time for filing is extended to the next day on which the office is open, but no similar allowance is made by the rules of practice for closings that occur at any other time during the filing period. The court's reasoning in Small is particularly convincing in light of the fact that the time for filing a post-verdict motion has been extended from five days to ten days since that decision was rendered. This extension of time negates the need to exclude weekends and holidays from the time period, as it gives parties ample amount of time to file.
In the present case, the verdict was accepted on October 10, 2002, but the plaintiff did not file her motion to set aside the verdict and for additur until October 23, 2002. This was beyond the ten day filing period provided for in Practice Book § 16-35. As established by the Supreme Court in Small, it is of no consequence that the clerk's office may have CT Page 15734 been closed for a number of days subsequent to the acceptance of the verdict, as those closings would not act to extend the deadline for filing. In order to have been in compliance with § 16-35. the plaintiff would have had to file her motion by October 20, 2002. Because this date was a Sunday, the clerk's office thus being closed, Practice Book § 7-17
allows for filing on the next day the office is open. The motion should therefore have been filed on or before Monday. October 21, 2002.
The court finds the motion was not filed in a timely manner.
 B CLAIM THAT JURY AWARD WAS INADEQUATE
The plaintiff did not receive any permanent disability rating and her treating doctor (Dr. Kramer) indicated she was not a surgical candidate. The jury also heard that Dr. Kramer could not relate the disc bulge to this motor vehicle accident. The jury heard evidence that she was still active. Her medical expenses were approximately $7,500.00. She made no claim for lost wages.
The court finds that the jury's award of $18,123.25 was not inadequate. The court finds that the evidence reasonably supports the verdict. The trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Gaudio v. Griffin HealthServices, 249 Conn. 523, 534 (1999). The jury's verdict as to damages is not inadequate and does not shock the court's sense of justice.
 C JUROR MISCONDUCT
Plaintiff's counsel did not bring to the court's attention any claim of juror misconduct until he argued this motion on November 4, 2002. The burden is on the moving party to show prejudice or denial of fair trial as a result of the misconduct. Speed v. DeLihero, 215 Conn. 308, 313-14
(1990).
The plaintiffs claim of juror misconduct has no merit.
 D IMPROPER CROSS EXAMINATION
CT Page 15735
The court finds that the cross examination objected to by plaintiffs counsel was appropriate cross examination.
 E IMPROPER CLOSING ARGUMENT
Plaintiff's attorney did not request a mistrial or a curative instruction during or after defense counsel's closing argument. A review of error is limited to legal issues raised by objection of trial counsel at the time of trial. State v. Rottenberg, 195 Conn. 253, 262-3 (1985).
 CONCLUSION
For the foregoing reasons, the plaintiffs motions for additur and to set aside the verdict are denied. It is so ordered.
BY THE COURT
 ___________________ Brian T. Fischer, Judge
CT Page 15736