JOHN SEMRAU *v.* JULIE A. HERRICK
(AC 21709)

Lavery, C. J., and Mihalakos and West, Js.

Argued May 29—officially released September 17, 2002

*Anita M. Varunes*, with whom, on the brief, was *Nicholas C. Varunes*, for the appellant (defendant).

*Michael G. Rigg*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, Julie A. Herrick, appeals from the trial court's judgment ordering a new trial in the negligence action filed by the plaintiff, John Semrau. The court ordered an additur to the jury verdict in favor of the plaintiff following a hearing in damages. On appeal, the defendant claims that the court improperly granted the additur on the basis of an improper conclusion that the verdict was inadequate as a matter of law. Because we conclude that the defendant, having accepted the additur, lacks standing to challenge that order, we dismiss the appeal.

The following facts are relevant to our resolution of the defendant's appeal. The plaintiff filed an action against the defendant in connection with injuries that he sustained in a motor vehicle accident that occurred on March 2, 1998. He alleged that as a result of the defendant's negligence, he was injured when her automobile struck his car from behind. The plaintiff filed a motion for summary judgment as to the issue of liability, which motion the court granted on September 14, 1999. A hearing in damages subsequently was tried to the jury on December 8 and 12, 2000. The jury returned a verdict awarding the plaintiff $3200 in economic damages for medical expenses that he incurred as a result of the accident. The jury did not award any noneconomic damages for pain and suffering.[1]

---

[1] Pursuant to General Statutes § 52-572h (a), "(1) 'Economic damages' means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical

The plaintiff thereafter filed a motion to set aside the verdict and for the court to order an additur in an amount that the court deemed reasonable and commensurate with fair, just and reasonable damages.[2] In response, the defendant filed an objection to the plaintiff's motion to set aside verdict and for an additur, arguing that the jury's verdict was supported by the evidence and that there was no basis on which to order an additur. The court ordered an additur in the amount of $5000 for the pain and suffering that the plaintiff had experienced between March 2, 1998, and May 30, 2000, the date of a subsequent car accident in which he was involved. The plaintiff did not accept the additur, but instead requested a new trial. The defendant filed a motion to reargue her previous objection to the motion for an additur and for the court to reconsider its judgment ordering the additur, which motion the court denied. In the alternative, the defendant accepted the additur for a total verdict of $8200. The court denied the defendant's motion to reargue. This appeal followed.

After oral argument of this appeal, we ordered the parties to file supplemental briefs to address whether the defendant has standing to appeal from the granting of the plaintiff's motion for an additur. Specifically, we ordered the parties to address the following issue: "Is a party who agrees to the granting of an additur aggrieved for purposes of appeal from the granting of the additur?"

care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages; (2) 'Noneconomic damages' means compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering . . . ."

[2] Pursuant to General Statutes § 52-228b, "[n]o verdict in any civil action involving a claim for money damages may be set aside . . . solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

We first address the question of whether the defendant, having accepted the additur, has standing to appeal from the order of the court granting the plaintiff's motion for additur.[3] We conclude that the defendant does not have standing and, therefore, we do not reach the merits of her argument.

"Where a party lacks standing to appeal, the court is without subject matter jurisdiction. . . . A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. . . . [W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Citation omitted; internal quotation marks omitted.) *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 797, 724 A.2d 537 (1999), appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000).

The question of the defendant's standing to bring this appeal requires us to consider the relationship between General Statutes §§ 52-228a and 52-228b. General Statutes § 52-228b provides that before the court can set aside a jury verdict and order a new trial, it must provide the parties with an opportunity to accept or to reject any court-ordered additur to the jury verdict. Section 52-228a provides an aggrieved party with the right to appeal an order of additur.[4]

---

[3] In her supplemental brief, the defendant argues that she never formally accepted the additur. Despite that assertion, the defendant previously admitted to having accepted the additur, albeit "for purely economic reasons." The pleadings filed by the defendant also support the conclusion that she accepted the additur. The defendant's "Motion to Reargue and/or Defendant's Statement Regarding Additur" explicitly states that "pursuant to General Statutes § 52-228b, the defendant herein, Julie Herrick, hereby accepts the court's additur of $5000 in noneconomic damages for a total verdict of $8200."

[4] General Statutes § 52-228a provides in relevant part that "[i]n any jury case where the court orders a decrease in the amount of the judgment or an increase in the amount of the judgment, the party aggrieved by the order of remittitur or additur may appeal as in any civil action. . . ."

We note, as an initial matter, that although our courts have not squarely addressed the issue of appellate standing following acceptance of an additur, there are several cases resolving the question of appellate standing following acceptance of a remittitur. Because § 52-228a, providing for the right of appeal, makes no distinction between the right to appeal from an order of additur and the right to appeal from an order of remittitur, we find the case law regarding remittitur persuasive and equally applicable to appeals involving an additur. Our review of those cases reveals that the clear weight of authority supports the conclusion that a party, having accepted an additur, lacks standing to appeal from that order of additur.

In *Civiello* v. *Owens-Corning Fiberglass Corp.*, 208 Conn. 82, 544 A.2d 158 (1988), the plaintiff filed an acceptance of the remittitur reserving without prejudice the right to appeal from that order. After reviewing the legislative history of § 52-228a, our Supreme Court concluded that "[t]here is no indication that the statute was intended to remove the necessity of a new trial entirely or to permit a party to accept a remittitur or additur while also challenging its propriety." Id., 84–85 n.3. The court reiterated its earlier conclusion that "an order of remittitur [presents] a plaintiff with a choice of two alternatives: The plaintiff is not compelled to remit the sum suggested by the trial court, but may elect either to submit to a new trial, or to seek, by an appeal to this court . . . to have the order of new trial reversed and judgment rendered for the full amount of the verdict." (Internal quotation marks omitted.) Id., 85–86. The court found additional support for its determination in "[a] line of [federal court] decisions stretching back to 1889 holding that a plaintiff cannot, by accepting the order under protest, appeal the propriety of a remittitur order to which he has agreed. *Donovan* v. *Penn Shipping Co.*, 429 U.S. 648, 649, 97 S. Ct. 835,

51 L. Ed. 2d 112 (1977)." *Civiello* v. *Owens-Corning Fiberglass Corp.*, supra, 86.[5]

More recently in *Stern* v. *Allied Van Lines, Inc.*, 246 Conn. 170, 717 A.2d 195 (1998), our Supreme Court, in analyzing the interplay between §§ 52-228a and 52-228b, concluded that the right to appeal from an order of additur under § 52-228a and the right to reject an order of additur under § 52-228b were alternative remedies and that the aggrieved party had the right to choose either option. Id., 180. We disagree with the defendant's interpretation of *Stern* to mean that because the right to reject the additur is posited as an alternative to the right to appeal, the right of appeal will necessarily follow a party's acceptance of the additur. Rather, the specific language used by the court in *Stern* suggests that the court interpreted the right to appeal from the order of additur as an alternative remedy to submitting to a new trial, which is the default consequence of rejecting the order of additur, rather than an alternative to the mere rejection of the additur in the first instance. "The fact that a party may appeal, as § 52-228a provides, does not compel the conclusion that the legislature intended such an appeal to be the only recourse available to the plaintiff. To the contrary, we find support for the notion that the legislature sought to provide an aggrieved party with the option either to appeal the additur, or to reject the additur *and* move to have the verdict set aside and a new trial ordered." (Emphasis added.) Id.

Thus, where a party has rejected the additur, it has the choice of submitting to a new trial on the merits

---

[5] We note that the *Civiello* court found that the general rule barring appeals from remittitur orders that have been accepted by a plaintiff was not applicable in the particular circumstances of that case because the remittitur was based on a previous partial settlement of the claim and not on the court's finding that the jury award was excessive under General Statutes § 52-228b.

or of challenging the court's order by way of a direct appeal. If the party's appeal is successful, the original verdict will be reinstated. If the party's appeal is unsuccessful, then the case will proceed to a new trial.

That was the route followed by the defendant in *Weiss* v. *Bergen*, 63 Conn. App. 810, 779 A.2d 195, cert. denied, 258 Conn. 908, 782 A.2d 1254 (2001). In *Weiss*, the court granted the plaintiff's motion for an additur to the jury verdict. The defendant rejected the proposed additur, and the court set aside the verdict and ordered a new trial. Id., 812. In response, the defendant appealed, claiming that the granting of the plaintiff's motion for an additur was improper. Id., 811. This court agreed and remanded the case to the trial court with direction to reinstate the jury's verdict and to render judgment thereon. Id., 814.

In the present case, the defendant argues that her acceptance of the additur was for "purely economic reasons, namely, avoiding the expense of further litigation." One of the policies quoted in support of barring appeals following acceptance of a remittitur, however, is avoiding "[t]he proliferation of appeals [that] would be the inevitable consequence of permitting a plaintiff, who would have nothing to lose after guaranteeing himself a minimum verdict, to appeal under protest in an attempt to restore the original verdict . . . ." (Internal quotation marks omitted.) *Civiello* v. *Owens-Corning Fiberglass Corp.*, supra, 208 Conn. 86, quoting *Donovan* v. *Penn Shipping Co.*, 536 F.2d 536, 537 (2d Cir. 1976), aff'd, 429 U.S. 648, 97 S. Ct. 835, 51 L. Ed. 2d 112 (1977); see also *Cohen* v. *Yale-New Haven Hospital*, 260 Conn. 747, 758–60, 800 A.2d 499 (2002). Here, the defendant's action may be seen as an attempt to fix the maximum amount for which she can be held liable while seeking to restore the original, lesser verdict.[6] The defendant,

---

[6] Of course, that result can be achieved only if the plaintiff also accepts the additur because General Statutes § 52-228b gives either party the right to reject the order of additur and to seek a new trial.

however, cannot have it both ways. If she had wanted to contest the additur, § 52-228a provided her with the explicit right to do so. If she was unsuccessful, however, the consequence would be that she has exposed herself to the inherently uncertain outcome of a new trial. Indeed, that is the only interpretation that is consistent with the goal of encouraging parties to accept a court-ordered additur to avoid the expense and risk of further litigation.[7]

We conclude, therefore, that the defendant, having accepted the additur, lacks standing to appeal from the order granting that additur. Accordingly, we lack subject matter jurisdiction to decide the claim raised on appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[7] "The purpose of [General Statutes] § 52-228b is to ensure that if a trial court determines that an award is inadequate as matter of law, before setting aside the verdict and ordering a new trial, that court must first offer an additur to the parties, i.e., the plaintiff and the defendant. This offer provides the opportunity to remedy the inadequate verdict in a way that is acceptable to both parties, without the expense of another trial." (Internal quotation marks omitted.) *Stern* v. *Allied Van Lines, Inc.*, supra, 246 Conn. 182–83.