[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 RE: MOTION FOR ADDITUR
plaintiff instituted the present action to recover damages for injuries sustained in a motor vehicle accident occurring on February 15, 1996. As a result of the accident the plaintiff claimed to have sustained permanent injuries to her neck and back thereby incurring medical bills and produced evidence that she would incur bills for future medical treatment. The jury returned a verdict in favor of the plaintiff assessing economic damages in the amount of $9904.00, the total amount of the present medical bills, non-economic damages in the amount of $6,596.00 resulting in a total damage award of $16,500.00. The jury also found the plaintiff to have been forty percent negligent in causing those damages and accordingly returned a verdict in her favor as against the defendants in the amount of $9,900.00. The plaintiff has filed a motion for an additur, or in the alternative, to set the verdict aside and order a new trial. As grounds for the plaintiff's motion, she asserts 1) that the verdict was insufficient; 2) that the jury couldn't properly find her to be 40% negligent; 3) the court did not allow a recently taken photograph into evidence; 4) the court allowed questioning as to which way the plaintiff's vehicle was facing at the time of the accident; 5) the court failed to order the defendant into court pursuant to a subpoena.
The plaintiff claims to have sustained permanent injuries as a result of the accident and some of her treating medical witnesses also gave that opinion. The plaintiff also claims that she would have incurred, as further medical testimony, additional expenses for future medical treatment. However, the court notes that while the chiropractor who treated the plaintiff indicated that she would need several visits per year as a result of exacerbations, the plaintiff did not see the chiropractor from April of 1999 to February of 2002. A jury is not required to believe testimony just because it is uncontradicted. The plaintiff still bears the burden of persuading a jury by the preponderance of the evidence as to the nature and extent of her injuries. CT Page 12787
The standards for a motion for additur are identical to the standards for a motion to set aside the verdict. Hunte v. Amica Mutual Ins. Co.,68 Conn. App. 534, 541 (2002). "A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) Marchell v. Whelchel, 66 Conn. App. 574, 582 (2001). Moreover, "[t]he evidence is viewed in a light most favorable to the prevailing party and to sustaining the verdict"; Ipacs v. Cranford,65 Conn. App. 441, 443 (2001); and "[t]he verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice. . . . Only under the most compelling evidence may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury." (Internal quotation marks omitted.) Hunte v. Amica Mutual Ins. Co., supra, 541.
"Assessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant. . . . Proper compensation for personal injuries cannot be computed by mathematical formula, and the law furnishes no precise rule for their assessment. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Citations omitted.) Wochek v. Foley, 193 Conn. 582, 586 (1984).
The plaintiff bears the burden of proving her case to the jury and the award in the present case does not shock the conscience so as to compel the court to set aside the verdict. While the plaintiff claimed that future medical bills would be incurred, the jury was not required to accept that testimony.
The plaintiff also claims that the jury worked backwards in deciding how to fill out the verdict forms because they sent a note to the court (Court Exhibit 4) saying that "if we want Jane Marella to get $9,904 total is this filled out correct" the note also contained some calculations. The court then advised the jury with respect to their inquiry. At this point the court notes that there was no exception taken to the court's instructions either as to this note or as to the instructions in general. Thereafter the jury returned the verdict CT Page 12788 providing the plaintiff with damages of $9,904.00 as previously indicated. The court will not assume that the jury made a mistake but rather assumes that they did exactly what they intended to do. SeeWichers v. Hatch, 252 Conn. 174, 188 (2000); Weiss v. Bergen,63 Conn. App. 810, 814 (2001).
The plaintiff also claims that the jury could not find her 40% comparatively negligent in causing the accident. The plaintiff testified that she went to pick up one of her children on the school bus located approximately 60 feet away from her property. She parked her vehicle on the westbound side of a two lane road facing oncoming traffic. The jury could conclude that there was a white line in marking the travel portion of the road and the shoulder of the road and that the plaintiff was parked over that white line into the travel portion of the road. The jury could also believe that the defendant was traveling in a southerly direction, did not see the plaintiff's vehicle because the sun was in his eyes. Accordingly, the factual determination of comparing the fault as between the two parties is peculiarly a jury question.
The plaintiff also sought to introduce a photograph taken shortly before the trial purporting to show that other vehicles on the roadway frequently parked protruding into the travel portion of the roadway. However, no claim was made that the particular vehicle purported to show the approximate position of the plaintiff's vehicle at the time of the accident. Accordingly, the court believes that it properly excluded that photograph from coming into evidence. The fact that other cars may park over the white line into the travel portion of the road does not mean the plaintiff can do so without being found to be comparatively negligent.
The plaintiff also claims error in that the court allowed questioning of witnesses demonstrating that the plaintiff's vehicle was parked facing oncoming traffic. The court did not charge the jury with respect to the direction of the car as constituting negligence. The defendant was allowed to bring that evidence before the jury and utilized that evidence in conjunction with the mechanism by which the plaintiff might have been injured in the manner that she claimed. Accordingly, the court did not allow the defendant to claim that the direction of the car constituted an act of negligence nor did the plaintiff make any objection to any argument of counsel as to the direction in which the plaintiff's vehicle was facing.
The plaintiff also claims error in the ruling of the court which did not compel the attendance of the defendant at the trial pursuant to a subpoena. In February, 2002 the plaintiff filed a motion to compel the defendant to submit to a deposition within 30 days. The motion noted that CT Page 12789 a continuance had recently been granted with an order that the trial should take place within the next four months. On March 18, 2002, the court, Rush, J., ordered that the defendant shall make himself available for a deposition within 45 days. The defendant had objected to the plaintiff's motion to compel asserting the ill health of the defendant. The deposition was held on May 9, 2002, prior to the first day of evidence on July 31, 2002. The plaintiff asserted that he had served a subpoena upon the defendant to appear to testify at trial. On July 31, 2002, counsel for the defendant provided a faxed letter from Dr. Scifo, the defendant's physician, which stated:
"Please be advised that Mr. Rudolph Vazzano is a dialysis patient three times weekly. He suffers from hypertension and end stage renal failure second to diabetes mellitus. He is frail and weak. Please consider excusing Mr. Vazzano from his court obligations due to his poor health."
When the court inquired as to the nature of the testimony that might be elicited from the defendant's appearance at trial that was not available at the time of the deposition, plaintiff's counsel stated that the medications that the defendant was taking at the time of the accident was not sufficiently inquired into at the deposition. A review of the deposition indicates that the defendant indicated testified that he was taking eight pills but could only remember the name of one of them. Subsequently at the deposition a list was prepared, by someone, of medications and the defendant was questioned with respect to that list.
Under such circumstances the court did not deem it appropriate to compel the attendance of the defendant at the trial when his personal physician asserted that he was frail and weak and when a deposition had been taken less than 3 months before the trial. It also appears that the counsel for the plaintiff had served a subpoena upon Dr. Scifo but decided not to utilize his testimony. Subsequently, the letter by Dr. Scifo was admitted into evidence, as defendant's exhibit 1, without objection by plaintiff's counsel. Under such circumstances the court does not believe that error exists in the failure to compel the testimony of the defendant.
Accordingly, the motion of the plaintiff for an additur, or in the alternative to set aside the verdict, is denied.
RUSH, J. CT Page 12790