DANTE L. SCHETTINO ET AL. *v.* ANTHONY LABARBA
(AC 24037)

Lavery, C. J., and Bishop and DiPentima, Js.

Argued January 15—officially released April 13, 2004

*James P. Mooney*, for the appellant (substitute defendant).

*Opinion*

DiPENTIMA, J. In this personal injury action, the substitute defendant, Michael Maronich,[1] appeals from the judgment of the trial court setting aside the jury's verdict and ordering a new trial on the issue of damages, rendered following the defendant's refusal to accept the court-ordered additur. On appeal,[2] the defendant claims that the court improperly granted the additur when there was no indication that the verdict was against the weight of the evidence or was otherwise based on prejudice. We agree with the defendant and, therefore, reverse the judgment and remand the case to the trial court with direction to reinstate the jury award.

The plaintiff Cecilia Schettino[3] brought this action seeking damages for personal injuries allegedly sustained when a vehicle operated by Anthony Labarba struck the vehicle in which she was a passenger. Liability as to the accident was uncontested at trial. Damages were contested. The plaintiff claims that she suffered soft tissue injuries and disc herniation. She submitted evidence of special damages for medical treatment in the amount of $6631. The $6631 consisted of bills for

---

[1] During the action, the defendant, Anthony Labarba, died. Labarba was the driver of the automobile that struck the vehicle in which the plaintiffs, Dante L. Schettino and Cecilia Schettino, were riding. Maronich thereafter was substituted as the defendant.

[2] The plaintiffs failed to file a brief in this court, and we have considered the appeal solely on the basis of the defendant's brief, the record and oral argument.

[3] Cecelia Schettino is the wife of Dante L. Schettino, the other plaintiff at trial. The jury returned a verdict in favor of Cecelia Schettino only and awarded damages to her only. Cecelia Schettino, therefore, will be referred to as the plaintiff throughout the remainder of this opinion.

medical treatment, including initial treatment at a walk-in clinic, treatment with Eric Katz, a physician, treatment with a physical therapy group and chiropractic treatment.

At trial, the plaintiff was cross-examined vigorously on her prior medical history. She claimed to have forgotten receiving treatment from another physician less than one year before the November 18, 1995 accident. The records of that prior treatment were admitted into evidence. Both sides presented testimony from medical experts regarding the source of the plaintiff's degenerative changes in her spine and spinal herniation. The defendant's expert, Lewis Bader, a physician, testified that in his opinion, the herniation developed well after the accident and that the degenerative changes pre-existed the accident. The plaintiff's expert testified that the accident caused the herniation.

On October 21, 2002, the jury awarded the plaintiff $450 in economic damages and zero noneconomic damages. Thereafter, the plaintiff filed a motion to set aside the verdict as to the damages award and for additur, claiming that the award of economic damages was insufficient and that the jury should have awarded her noneconomic damages. After a hearing on March 5, 2003, the court orally granted the motion to set aside the verdict. The court opined that in finding damages in the amount of $450, the jury must have found that the plaintiff had lied and punished her because of her lying. The court considered that to be prejudice and, therefore, a proper basis for upsetting the verdict. The additur included $6631 for special damages, the total special damages claimed by the plaintiff, and $6369 for noneconomic damages for a total of $13,000. In accordance with General Statutes § 52-228b, the court ordered that if the defendant did not accept the additur, the motion to set aside the verdict automatically would be granted and a new trial ordered, limited to the issue

of damages. The defendant did not accept the additur. This appeal followed.[4]

The defendant claims that the court abused its discretion in granting the plaintiff's motion for additur. Specifically, the defendant argues that the court improperly granted an additur on the ground that the jury made a mistake or was prejudiced or that the verdict was against the weight of the evidence.

Our standard of review is well settled. "[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, mistake or corruption." (Citation omitted; internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 113–14, 663 A.2d 398 (1995). "[A] court's decision to set aside a verdict and to order an additur . . . is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . In determining whether the court abused its discretion, therefore, we decide only whether, on the evidence presented, the court reasonably could have decided that the jury did not fairly reach the verdict it did. To do so, we must examine the evidential basis of the verdict itself . . . ." (Citations omitted; internal quotation marks omitted.) *Wallace* v. *Haddock*, 77 Conn. App. 634, 637–38, 825 A.2d 148 (2003).

---

[4] General Statutes § 52-228b provides that before the court may set aside a jury verdict and order a new trial, it must provide the parties with an opportunity to accept or to reject any court-ordered additur. General Statutes § 52-228a provides that a party aggrieved by an order of additur has the right to appeal from that order.

Although the court has broad discretion in setting aside a verdict, its discretion is not boundless. "Because in setting aside a verdict the court has deprived a litigant in whose favor the verdict has been rendered of his constitutional right to have disputed issues of fact determined by a jury . . . the court's action cannot be reviewed in a vacuum. The evidential underpinnings of the verdict itself must be examined. Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fair-minded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached. . . . [I]f there is a reasonable basis in the evidence for the jury's verdict, unless there is a mistake in law or some other valid basis for upsetting the result other than a difference of opinion regarding the conclusions to be drawn from the evidence, the trial court should let the jury work [its] will." (Citations omitted; internal quotation marks omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 189, 745 A.2d 789 (2000). "When determining whether to order an additur, the court should not assume that the jury made a mistake, but should suppose that the jury did exactly what it intended to do." *Weiss* v. *Bergen*, 63 Conn. App. 810, 814, 779 A.2d 195, cert. denied, 258 Conn. 908, 782 A.2d 1254 (2001).

Here, it was reasonable for the jury to believe, on the basis of the evidence presented, that an award of $450 in economic damages and zero noneconomic damages was sufficient compensation for the plaintiff. See *Wichers* v. *Hatch*, supra, 252 Conn. 188–89 (holding that jury not required to award noneconomic damages merely because it has awarded economic damages). Moreover, the personal injury claims were disputed at trial with each side proffering expert testimony on the

issue of causation. The existence of conflicting evidence curtails the authority of the court to overturn the verdict because the jury is entrusted with deciding which evidence is more credible and what effect it is to be given. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 58, 578 A.2d 1054 (1990). Here, there was conflicting evidence before the jury, and the jury could have accepted the evidence contrary to the plaintiff's claims. Furthermore, "[o]n issues where the evidence allows room for reasonable differences of opinion among fair-minded people, if the conclusion of the jury is one that reasonably could have been reached, it must stand even though the trial court might have reached a different result. . . . A verdict should not be set aside . . . where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) *Weiss* v. *Bergen*, supra, 63 Conn. App. 813–14. In this case, the jury reasonably could have decided that $450 was the appropriate measure of damages. Consequently, we are persuaded that the evidence presented at trial supported the damages awarded by the jury, and that those damages properly fall within the necessarily uncertain limits of fair and reasonable compensation.

As a result, we must conclude that the court improperly exercised its discretion in finding the jury award inadequate and ordering an additur.

The judgment is reversed and the case is remanded with direction to reinstate the jury's verdict and to render judgment thereon.

In this opinion the other judges concurred.