# HOPE M. CAPROOD *v.* ATLANTA CASUALTY COMPANY
## (AC 23572)

West, DiPentima and Peters, Js.

Argued September 9—officially released December 2, 2003

*Thomas C. Simones*, for the appellant (plaintiff).

*Mark J. Sheehan*, with whom, on the brief, was *F. Thomas Pachler*, for the appellee (defendant).

*Opinion*

PETERS, J. This case concerns the quantum of proof that an injured insured person must present to a jury to recover damages under an automobile insurance policy covering hit and run drivers. A jury found that the injured insured had proven that her injuries resulted from the negligence of a hit-and-run driver. The trial court, however, granted the motion of the insurer to set aside the verdict in favor of the injured person and rendered judgment in favor of the insurer. The injured person has appealed. We reverse the judgment of the trial court.

The plaintiff, Hope M. Caprood, filed a complaint seeking damages from the defendant, Atlanta Casualty Company, under an insurance policy that provided coverage for accidents caused by hit-and-run drivers. She alleged that she and others had been injured in such an accident that occurred on November 5, 2000, in Norwich. The defendant did not dispute that the plaintiff was an insured under the policy. Similarly, the defendant did not dispute that the plaintiff's vehicle had been struck by a hit-and-run driver. The defendant denied that the plaintiff had been injured as a result of the *negligent* conduct of the hit-and-run driver. The defendant also filed three special defenses.[1]

On October 8, 2002, a jury returned a verdict awarding the plaintiff damages of $11,239.01 with a 16 percent reduction for her comparative negligence. On the defendant's motion, the trial court set this verdict aside because, in its view, the plaintiff had presented no evi-

---

[1] In its special defenses, the defendant claimed that (1) the plaintiff's own negligence exceeded that of the unknown driver, (2) the plaintiff's own negligence caused the accident to occur and (3) the plaintiff's damages should be limited to the maximum policy limits of the coverage.

dence as to what had caused the operator of the hit and run vehicle to collide with the plaintiff's vehicle. Accordingly, it rendered judgment for the defendant notwithstanding the verdict.

In the plaintiff's appeal from this adverse judgment, she argues that, for three reasons, the trial court improperly set aside the jury verdict in her favor. She claims that the court (1) undervalued the evidence of negligence that she presented at trial, (2) improperly instructed the jury and (3) deprived her of her constitutional right to trial by jury. Because we are persuaded by the plaintiff's first claim, we need not consider the other two.

We review the action of a trial court's granting of a motion to set aside a jury verdict to determine whether the court abused its discretion or reached a result that is manifestly unjust. "A verdict should not be set aside . . . where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion. . . . In analyzing a sufficiency of the evidence claim, the test that we employ is whether, on the basis of the evidence before the jury, a reasonable and properly motivated jury could return the verdict that it did. . . . On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." (Internal quotation marks omitted.) *Carusillo* v. *Associated Women's Health Specialists, P.C.*, 79 Conn. App. 649, 653, 831 A.2d 255 (2003).

It is undisputable that the verdict was proper only if the jury had sufficient evidence to find that the hit-and-run driver had been negligent. The trial court, in its memorandum of decision, outlined the facts that it found to have been established, as well as the shortcomings that it found in the plaintiff's evidentiary showing.

The court's bottom line was that the plaintiff had "established only that there was a collision at the intersection of North Thames Street and West Main Street on November 5, 2000, between the two vehicles in question and that the plaintiff's vehicle was struck on the passenger's side after it had entered the intersection. The plaintiff established that the vehicle was struck with great force and violence and propelled across the intersection to a location on the opposite side of the street before it came to rest. There was no evidence as to what caused the operator of the [hit-and-run vehicle] to collide with the plaintiff's vehicle."

In this recital of the evidence, the court impliedly accepted the proposition that the jury reasonably could have credited all the evidence about the collision that the plaintiff had presented at trial. It did not express any doubt about the credibility of the plaintiff, who was the only person to testify on that subject.[2] The defendant offered no contrary evidence. What the court found lacking was direct evidence of causation.

The question remains, however, whether the plaintiff presented sufficient *circumstantial* evidence from which the jury reasonably could have inferred that the hit-and-run driver negligently caused the collision that injured her and damaged her car. A jury often must "rely on circumstantial evidence and draw inferences from it." *Blados* v. *Blados*, 151 Conn. 391, 395, 198 A.2d 213 (1964). The drawing of inferences is "peculiarly a jury function, the raison d'etre of the jury system." *Pierce* v. *Albanese*, 144 Conn. 241, 256, 129 A.2d 606,

[2] In addition to the plaintiff's testimony, the plaintiff presented the testimony of her treating chiropractor. She also introduced documentary evidence in the form of a police report. The police report noted that there had been three passengers in the plaintiff's vehicle. It further described the observations of two witnesses at the scene of the collision, neither of whom indicated any knowledge of why the collision had occurred.

appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957).

We must therefore examine in detail what facts the jury reasonably could have inferred on the issue of causation. The court had instructed the jury that it could find for the plaintiff if she established either that the hit-and-run driver failed to keep a proper lookout or failed to keep proper control of his vehicle.[3]

The jury reasonably could have inferred causation from the evidence describing the intersection at which the collision occurred. As the plaintiff testified, the intersection was well lit and unobstructed. A photograph that was an exhibit at trial depicted the intersection. The jury reasonably could have inferred that a driver keeping a proper lookout would have seen the plaintiff's vehicle, which was three-quarters of the way through the intersection. Contrary to the cases on which the defendant relies, and which the court cited, this is not a case in which "[t]here were so many possibilities as to the cause of the accident other than negligence in the operation of the car that a finding of negligence . . . could result in a verdict for the plaintiff based only on surmise, speculation and conjecture." *Chasse* v. *Albert*, 147 Conn. 680, 683, 166 A.2d 148 (1960).

The jury reasonably also could have taken note of the force of the impact, which pushed the plaintiff's vehicle a considerable distance and caused severe damage to its midsection. Another photograph at trial depicted the substantial damage that the passenger's side of the plaintiff's car had sustained as a result of

---

[3] Under case law in our Supreme Court, which is binding on us, the jury was precluded from drawing an inference of negligence from the fact that the hit-and-run driver fled the scene. See *Grzys* v. *Connecticut Co.*, 123 Conn. 605, 609–10, 198 A. 259 (1938). The jury was also precluded from drawing any inference from the fact that the headlights of the hit-and-run vehicle were not on when the collision occurred because the plaintiff's complaint did not contain such an allegation.

the collision. The jury reasonably could have inferred that the nature of the damage caused by the hit-and-run vehicle demonstrated a failure of the hit-and-run driver to keep control of his car, perhaps because of excessive speed or inattention.

The trial court did not discuss these possible inferences. In its consideration of the evidence on causation, however, the court did refer, in some detail, not only to the testimony that the plaintiff *did* present, but also to the evidence that the plaintiff *did not* present.

The trial court, in its memorandum of decision, and the defendant in its appellate brief to this court, placed some emphasis on five witnesses whom the plaintiff did not call to testify. These were the three passengers in the plaintiff's car and the two people who were identified in the police report as having been at the scene of the collision. The defendant did not, however, present any evidence that these witnesses were in fact available to the plaintiff at the time of trial.

The court and the defendant appear to have overlooked General Statutes § 52-216c, which permits fact finders in civil actions to draw negative inferences from a party's failure to call a witness only under *limited* circumstances. A trial court's failure to comply with a statutory mandate is plain error. *State* v. *Day*, 233 Conn. 813, 849, 661 A.2d 539 (1995); *Ipacs* v. *Cranford*, 65 Conn. App. 441, 446, 783 A.2d 1044 (2001).

Section 52-216c provides in relevant part: "No court in the trial of a civil action may instruct the jury that an inference unfavorable to any party's cause may be drawn from the failure of any party to call a witness at such trial. However, counsel for any party to the action shall be entitled to argue to the trier of fact during closing arguments . . . that the jury should draw an adverse inference from another party's failure to call a witness *who has been proven to be available to testify*."

(Emphasis added.)[4] As far as the record shows, no evidence of availability was presented at trial with respect to the missing witnesses.

In this case, the court did not give an improper instruction to the jury. Nonetheless, we may assume that, despite the absence of a showing of availability, the court assigned some weight to the missing witnesses. Otherwise, it would not have referred to them in its memorandum of decision. From the brief filed by the defendant in this court, we may presume that the defendant urged the court to do so.

Although § 52-216c does not refer expressly to judicial fact-finding in response to a motion to set a jury verdict aside, it would be inconsistent with the policy behind the statute to permit a court to ignore its mandate. "[T]he legislature recognized the inherent unfairness and impropriety of allowing counsel to invite the jury to draw an adverse inference from one party's failure to produce a particular witness at trial if that witness had died or for some other reason was unavailable to testify at trial." *Raybeck* v. *Danbury Orthopedic Associates, P.C.*, 72 Conn. App. 359, 368, 805 A.2d 130 (2002). The court should not have considered possible testimony from the missing witnesses at all. Its recital

---

[4] General Statutes § 52-216c abolished the so-called *Secondino* rule; see *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960); which had permitted an adverse inference to be drawn from a party's failure to call a witness under certain specific circumstances. "The reasoning behind the missing witness rule was that [t]he failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause. . . . To take advantage of [the] rule permitting an adverse inference, [however] the party claiming the benefit [of the rule was required to] show that he [was] entitled to it." (Internal quotation marks omitted.) *Raybeck* v. *Danbury Orthopedic Associates, P.C.*, 72 Conn. App. 359, 366, 805 A.2d 130 (2002).

Our Supreme Court subsequently abandoned the *Secondino* rule in criminal cases. *State* v. *Malave*, 250 Conn. 722, 728–30, 737 A.2d 442 (1999) (en banc), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000).

of evidence that was not properly part of the fact-finding proceedings casts a shadow on its judgment in favor of the defendant.

At the end of the day, we may all agree that this is a close case. Exercising her constitutional right to do so, the plaintiff elected to have her case decided by a jury. We test the propriety of a motion to set aside a jury verdict in accordance with the principle that we give the evidence at trial "the most favorable reasonable construction in support of the verdict to which it is entitled." (Internal quotation marks omitted.) *Carusillo* v. *Associated Women's Health Specialists, P.C.*, supra, 79 Conn. App. 653. The "most favorable reasonable construction" must be given to circumstantial as well as to direct evidence of what actually transpired. We conclude, therefore, that the trial court improperly set aside the jury's verdict in favor of the plaintiff.

The judgment is reversed and the case is remanded with direction to render judgment consistent with the jury verdict in favor of the plaintiff.

In this opinion the other judges concurred.