JAMES ELLIOTT *v.* MARY T. LARSON
(AC 23923)

Lavery, C. J., and Foti and Dranginis, Js.

Argued October 27, 2003—officially released February 10, 2004

*John K. McDonald*, with whom, on the brief, was *Melissa A. Scozzafava*, for the appellant (defendant).

*Olga E. Zargos*, with whom were *Jeffrey L. Menl* and, on the brief, *Brenda M. Hamilton*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. In this negligence action, the defendant, Mary T. Larson, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, James Elliott. On appeal, the defendant claims that the court improperly (1) denied her motion for a directed verdict, (2) denied her motion for a judgment notwithstanding the verdict and (3) granted the plaintiff's motion for an additur. We affirm the judgment of the trial court. Because the defendant did not accept the court's additur, a new trial is warranted.

The record discloses the following relevant facts and procedural history. On February 19, 2000, at approximately 6:30 p.m., the plaintiff, an officer with the Hartford police department, was operating his personal motor vehicle, a pickup truck, in a northerly direction on Cooke Street in Plainville. As he stopped his truck and waited to turn left onto Betsy Road, his truck was struck from behind by the defendant's car, which also was traveling in a northerly direction on Cooke Street. The sky was dark at the time of the accident, and Cooke Street was covered with snow, ice and slush as a result of a storm that had ended a few hours earlier.

In May, 2001, the plaintiff commenced this negligence action against the defendant, seeking damages for personal injuries and other losses that he allegedly sustained in the accident. In his complaint, the plaintiff alleged, inter alia, that the defendant had been negligent in that she operated her vehicle at a rate of speed greater than was reasonable under the conditions in violation of General Statutes § 14-218a, she operated her vehicle with inadequate brakes in violation of General Statutes § 14-80h, she operated her vehicle too close to the rear of the plaintiff's vehicle and failed to apply her brakes in time to avoid the collision in violation of General Statutes § 14-240, and she failed to keep her vehicle under proper and reasonable control. The defendant filed an answer and special defenses claiming that the plaintiff's injuries and losses were the result of his negligence in that he had stopped suddenly without reasonable warning, failed to signal his intention to stop in a reasonable manner and failed to signal his intention to turn left.

The trial commenced on October 16, 2002. At the close of the plaintiff's case-in-chief, the defendant made an oral motion for a directed verdict on the ground that the plaintiff had failed to present sufficient evidence to establish that she had been negligent in the operation

of her vehicle. The court denied the motion. Thereafter, the defendant proceeded to present her defense. On October 22, 2002, the jury returned a verdict awarding the plaintiff $18,338.70 in economic damages. The jury did not award any noneconomic damages. The damages award was reduced to $11,003.22 on the basis of the jury's finding that the plaintiff had been 40 percent comparatively negligent.

On October 29, 2002, the plaintiff filed a motion to set aside the verdict or for an additur, and the defendant filed a motion for a judgment notwithstanding the verdict. On January 28, 2003, the court granted the plaintiff's motion for an additur,[1] entering an additur of $12,000 in noneconomic damages for a total award of $30,338.70, which was reduced by 40 percent to $18,203.22 on the basis of the plaintiff's comparative negligence. The defendant did not accept the court's additur. The court also denied the defendant's motion for a judgment notwithstanding the verdict.[2] This appeal followed.

I

The defendant first claims that the court improperly denied her motion for a directed verdict, which she made at the close of the plaintiff's case-in-chief. "[W]hen a trial court denies a defendant's motion for a directed verdict at the close of the plaintiff's case, the defendant, by opting to introduce evidence in his or her own behalf, waives the right to appeal the trial court's ruling. . . .

---

[1] The court denied without prejudice the plaintiff's motion to set aside the verdict.

[2] Although the court did not specifically rule on the defendant's motion for a judgment notwithstanding the verdict, we are satisfied that in granting the plaintiff's motion for an additur, the court implicitly denied the defendant's motion. See State v. Ober, 24 Conn. App. 347, 351 n.1, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, 135, cert. denied, 502 U.S. 915, 112 S. Ct. 319, 116 L. Ed. 2d 260 (1991); R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 215 n.3, 504 A.2d 542 (1986).

The rationale for this rule is that, by introducing evidence, the defendant undertakes a risk that the testimony of defense witnesses will fill an evidentiary gap in the [plaintiff's] case. . . . On appeal in such cases, the question becomes whether . . . there is evidence in *the entire record* to justify submitting the matter to a trier of fact. . . . Although we have questioned the continuing viability of the waiver rule in the criminal context . . . we have never questioned its applicability in the civil context." (Citations omitted; emphasis in original; internal quotation marks omitted.) *In re James L.*, 55 Conn. App. 336, 340–41, 738 A.2d 749, cert. denied, 252 Conn. 907, 743 A.2d 618 (1999).

The defendant has articulated no reason why the rationale underlying the "waiver rule" should not operate in this case. We conclude, therefore, that the waiver rule precludes our review of the defendant's first claim. See id., 341.

## II

The defendant next claims that the court improperly denied her motion for a judgment notwithstanding the verdict. Specifically, the defendant contends that there was insufficient evidence to permit a reasonable jury to conclude that the defendant was negligent in the operation of her vehicle. We disagree.

"Appellate review of a trial court's refusal to render judgment notwithstanding the verdict occurs within carefully defined parameters. We must consider the evidence, and all inferences that may be drawn from the evidence, in a light most favorable to the party that was successful at trial. . . . This standard of review extends deference to the judgment of the judge and the jury who were present to evaluate witnesses and testimony. . . . Judgment notwithstanding the verdict should be granted only if we find that the jurors could not reasonably and legally have reached the conclusion

that they did reach." (Internal quotation marks omitted.) *Parker* v. *Slosberg*, 73 Conn. App. 254, 263, 808 A.2d 351 (2002). In reaching its conclusion, "[a] jury often must rely on circumstantial evidence and draw inferences from it. . . . The drawing of inferences is peculiarly a jury function, the raison d'etre of the jury system." (Citation omitted; internal quotation marks omitted.) *Caprood* v. *Atlanta Casualty Co.*, 80 Conn. App. 338, 341, 835 A.2d 74 (2003).

"Negligence is conduct which creates an undue risk of harm to others." (Internal quotation marks omitted.) *Logan* v. *Greenwich Hospital Assn.*, 191 Conn. 282, 299, 465 A.2d 294 (1983); 2 Restatement (Second), Torts § 463, comment (b), p. 506 (1965). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). "To have proven his claim of negligence, the plaintiff must have established each of these elements by a preponderance of the evidence." *Preston* v. *Wellspeak*, 62 Conn. App. 77, 81–82, 767 A.2d 1259 (2001).

"Because evidence of skidding is not, in and of itself, evidence of negligence . . . the plaintiff was required to prove other facts to support his allegation that the defendant breached a duty of care owed to him." (Citation omitted; internal quotation marks omitted.) Id., 82. "If the [defendant] acted as would a reasonably prudent person, *under the circumstances*, he is not to be held negligent merely because the car skidded and did damage." (Emphasis added.) *James* v. *Von Schuckman*, 115 Conn. 490, 493, 162 A. 3 (1932). Skidding may constitute a basis for a finding of negligence, however, if it is proven that the car's skidding was due to some negligent conduct on the defendant's part or that the defendant was negligent after her car began to skid. See *Nirenstein* v. *Sachs*, 117 Conn. 343, 345, 167 A. 822 (1933).

At trial, the defendant testified that at the time of the accident, the sky was dark and Cooke Street was covered with snow, ice and slush. Sergeant Dean Cyr of the Plainville police department testified similarly that as he proceeded to the accident scene, he had to drive slowly and cautiously because the road conditions were icy. The defendant also testified that about two-tenths of one mile from the site of the accident, she took her eyes off the road as she drove through a school zone to glance down at her speedometer. She testified that she was traveling at approximately twenty miles per hour at that time.

In addition, the defendant testified that when she observed the plaintiff's truck slowing or stopped about 100 feet ahead of her car, she realized that she needed to attempt to stop. She testified that when she noticed that the gap was closing between her vehicle and the plaintiff's, she applied her brakes and her car began to skid because her brakes had locked. She testified that she still could direct her vehicle with the steering wheel but could not stop it from skidding and colliding with the plaintiff's truck. She also admitted that she had considered turning right onto Mel Street to attempt to avoid the accident, but decided not to do so because she noticed that on the corner of Mel Street and Cooke Street there was a telephone pole behind which two people were standing. Instead, she decided to try to negotiate her car to the right of the plaintiff's truck because she "thought maybe [she] could get up onto the curve and just get by him that way."

The plaintiff testified that prior to being struck from behind by the defendant's car, he had been stopped for approximately thirty seconds waiting to turn left. He further testified that as a result of the impact of the collision, his truck was moved across the center of the road into the other travel lane by "a quarter portion" of the truck's length and that the rear of his truck

was moved to the right "at least the entire length of the vehicle."

Cyr testified that when he investigated the accident scene, he noticed skid marks of approximately fifty feet in the slush and snow. He further testified that the plaintiff's truck was damaged "from the [rear] bumper all the way to the front of the [vehicle]." The defendant testified with respect to the damage to her car that the mirror, bumper, paint and chrome around the bumper all had been damaged as a result of the collision. At trial, the jury viewed photographs that depicted the damage the two vehicles had sustained as a result of the collision.

Although the evidence of negligence was not overwhelming, the jury reasonably could have concluded that the defendant had been operating at a speed too fast for the weather and road conditions,[3] that she did not have her car under proper control and, accordingly, that her negligence caused the accident. See *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 667, 136 A. 567 (1927). We test the propriety of a motion for a judgment notwithstanding the verdict in accordance with the principle that we give the evidence at trial "the most favorable reasonable construction in support of the verdict to which it is entitled. . . . The most favorable reasonable construction must be given to the circumstantial as well as to the direct evidence of what actually transpired." (Citation omitted; internal quota-

---

[3] General Statutes § 14-218a (a) provides in relevant part: "No person shall operate a motor vehicle upon any public highway of the state, or road of any specially chartered municipal association . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and *weather conditions.* . . . [T]he fact that the speed of a vehicle is lower than [the speed limit] shall not relieve the operator from the duty to decrease speed when a special hazard exists with respect to . . . other traffic or by reason of weather or highway conditions.* (Emphasis added.)

tion marks omitted.) *Caprood* v. *Atlanta Casualty Co.*, supra, 80 Conn. App. 345.

Thus, when viewed in the light most favorable to the prevailing party, the evidence and all the inferences drawn therefrom reasonably support the jury's verdict. Accordingly, we conclude that the court did not abuse its discretion in denying the defendant's motion for a judgment notwithstanding the verdict.

### III

The defendant last claims that the court improperly granted the plaintiff's motion for an additur. Specifically, she argues that under the circumstances of this case, the jury's decision to award all claimed economic damages but no noneconomic damages was reasonable and consistent and, therefore, the court abused its discretion in ordering an additur. We are not persuaded.

We first set forth our standard of review. In *Wichers* v. *Hatch*, 252 Conn. 174, 745 A.2d 789 (2000) (en banc), our Supreme Court stated that "the jury's decision to award economic damages and zero noneconomic damages is best tested in light of the circumstances of the particular case before it. Accordingly, the trial court should examine the evidence to decide whether the jury reasonably could have found that the plaintiff had failed in his proof of the issue." Id., 188–89. "Our review of the trial court's decision is limited to whether the trial court properly exercised its discretion." *Schroeder* v. *Triangulum Associates*, 259 Conn. 325, 330, 789 A.2d 459 (2002). We, therefore, "will not disturb a court's decision . . . to order an additur [in such cases] unless we conclude that the court has abused its discretion." *Wallace* v. *Haddock*, 77 Conn. App. 634, 636, 825 A.2d 148 (2003).

In determining whether the court abused its discretion, "the court's action cannot be reviewed in a vac-

uum. The evidential underpinnings of the verdict itself must be examined." (Internal quotation marks omitted.) *Wichers* v. *Hatch*, supra, 252 Conn. 189. We are mindful, however, that "the trial judge can gauge the tenor of the trial, as we, on the written record, cannot, and can detect those factors, if any, that could improperly have influenced the jury." (Internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 113, 663 A.2d 398 (1995).

In its memorandum of decision granting the plaintiff's motion for an additur, the court stated: "In the present case, the jury not only awarded the plaintiff all of the claimed [medical expenses], but also his lost wages and lost overtime. The award of the plaintiff's lost wages must necessarily have flowed from the conclusion that he was injured, suffered pain and could not work. The failure to award noneconomic damages is inconsistent with the conclusion of injury and the award of lost wages. The plaintiff . . . had a preexisting condition, but the condition was congenital in nature, and the plaintiff was asymptomatic with a complete range of motion pain free. . . . [T]he evidence is clear that the plaintiff had not had any treatment for his back prior to this accident, and the plaintiff did not even know he had a preexisting condition. After reviewing the case law enunciated in *Wichers* v. *Hatch*, [supra, 252 Conn. 174], and *Schroeder* v. *Triangulum Associates*, [supra, 259 Conn. 325], the court is of the opinion that the facts of this case require this court to conclude that the plaintiff must have suffered pain accompanying his injury."

After carefully reviewing the record and transcripts, we conclude that the court properly exercised its discretion in granting the plaintiff's motion for an additur. Because the defendant did not accept the court's additur, a new trial is warranted. See *Semrau* v. *Herrick*, 72 Conn. App. 327, 332–34, 805 A.2d 125 (2002); see

also *Schroeder* v. *Triangulum Associates*, supra, 259 Conn. 334.

The judgment is affirmed and the case is remanded for a new trial.

In this opinion the other judges concurred.