DENISE SNELL *v.* NATASHA BEAMON ET AL.
(AC 24027)

Dranginis, McLachlan and Stoughton, Js.

Argued January 9—officially released March 23, 2004

*Andrew H. Sharp*, for the appellants (defendants).

*M. John Strafaci*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. In this personal injury action, the defendants, Natasha Beamon and John R. Brown, appeal from the judgment of the trial court setting aside the jury's verdict and ordering a new trial on the issue of damages that was rendered following their refusal to accept a court-ordered additur. On appeal, the defendants claim that the court improperly granted the additur because the jury verdict was adequate as a matter of law. We affirm the judgment of the trial court.

This appeal arises out of a negligence action brought by the plaintiff, Denise Snell, against the defendants for personal injuries and property damage sustained in a motor vehicle accident on April 12, 2000. The matter was tried to the jury on December 3, 4 and 5, 2002. Although liability was not contested at trial, the parties did dispute the nature and severity of the injuries sustained by the plaintiff and each offered conflicting expert testimony with respect thereto. Jeffrey Miller, an orthopedic surgeon, testified that he had treated the plaintiff from April 12 through October 19, 2000, and that the cost of the treatment and related expenses was $5424.[1] Miller also testified that the plaintiff was totally disabled and unable to work for approximately twenty-two weeks. The plaintiff testified that such disability resulted in lost wages of $3410.

The defendants' only witness, Michael Yoel, a chiropractor who did not treat or examine the plaintiff, agreed that the plaintiff's treatment with Miller was reasonable, as was its cost. Yoel also agreed that the plaintiff's injuries rendered her totally disabled and unable to work for a period of approximately twenty-two weeks and did not contest the plaintiff's claimed lost wages in the amount of $3410. Yoel did testify, however, that the treatment rendered by medical personnel other than Miller was unnecessary and challenged the conclusions of such personnel as to the severity and permanency of the plaintiff's injuries.

Following the close of evidence, the jury returned a plaintiff's verdict awarding $1235.53 in economic damages and no noneconomic damages. Pursuant to General Statutes § 52-228b, the plaintiff filed a motion for an additur and to have the verdict set aside if the defendants did not agree to the additur. The basis of the

---

[1] In addition to Miller, several other experts testified on the plaintiff's behalf, including a chiropractor and a physical therapist.

plaintiff's motion was that the verdict was inadequate and contrary to the weight of the evidence.

After conducting a hearing, the court issued a detailed memorandum of decision granting the motion and ordering an additur of $7598.47 in economic damages and $10,000 in noneconomic damages, resulting in a total damages award of $18,834. The court's economic damages award consisted of $5424 in medical expenses and $3410 in lost wages. The court's $10,000 noneconomic damages award was for pain and suffering.

In its memorandum of decision, the court reviewed the evidence presented during trial and stated that Miller's testimony as to the extent of the plaintiff's injuries, the cost of his treatment and her inability to work for approximately twenty-two weeks as a result of her injuries was uncontroverted by Yoel. The court noted, in contrast, that Yoel contested the plaintiff's treatment with her chiropractor and physical therapist and their respective opinions as to the nature and permanency of her injuries. The court did not include in its additur an award of damages related to that controverted testimony. As to the noneconomic damages award of $10,000, the court concluded that the plaintiff had presented sufficient testimony that as a result of the accident, she suffered significant physical pain, emotional distress and mental anguish.

In accordance with § 52-228b, the court ordered that if the defendants did not accept the additur within fourteen days of the issuance of the memorandum of decision, the motion to set aside the verdict would automatically be granted and a new trial ordered, limited to the issue of damages. When the defendants did not accept the additur at the expiration of the fourteen day period, the court ordered a new trial. This appeal followed.

The defendants' sole claim on appeal is that the court improperly awarded an additur and, upon the defendants' refusal to accept the additur, set aside the jury's verdict and ordered a new trial on the issue of damages. We disagree.

"[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, mistake or corruption." (Citation omitted; internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 113–14, 663 A.2d 398 (1995). "[A] court's decision to set aside a verdict and to order an additur . . . is entitled to great weight and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Wallace* v. *Haddock*, 77 Conn. App. 634, 637, 825 A.2d 148 (2003). "In determining whether the court abused its discretion, therefore, we decide only whether, on the evidence presented, the court reasonably could have decided that the jury did not fairly reach the verdict it did. To do so, we must examine the evidential basis of the verdict itself . . . ." (Internal quotation marks omitted.) Id., 638.

In conducting our review, we are mindful that litigants have a constitutional right to have factual issues determined by the jury and that this prerogative includes determinations of damages when there is room for a reasonable difference of opinion among fair minded persons as to the amount of the award. See *Robinson* v. *Backes*, 91 Conn. 457, 460, 99 A. 1057 (1917). Although that right operates as an obvious restraint on the discretion of the court to order an additur or to set

aside a verdict, the court has not violated a party's constitutional right to have the jury determine questions of fact if it does not abuse its discretion in setting aside the verdict. Id.; *Gladu* v. *Sousa*, 52 Conn. App. 796, 800, 727 A.2d 1286 (1999), appeal dismissed, 252 Conn. 190, 745 A.2d 798 (2000).

In its memorandum of decision, the court undertook a thorough and thoughtful analysis of the evidence presented at trial, focusing principally on the uncontroverted testimony of Miller that the plaintiff had incurred $5424 in treatment expenses and was totally disabled and unable to work for approximately twenty-two weeks and on the plaintiff's testimony that such disability resulted in lost wages of $3410. The court found that in view of the absence of any conflicting testimony from the defendants' only expert, Yoel, on such points, the jury's failure to award damages for Miller's treatment and the plaintiff's lost wages "shock[s] the sense of justice and could not have been reached without mistake, partiality or prejudice . . . ."

As we have often pointed out, the trial judge, like the jury, has the unique opportunity to see the witnesses and to hear their testimony in the totality of the circumstances, i.e., observing their demeanor and conduct, and is in a superior position to assess the credibility of each witness and the appropriate weight to be accorded their testimony. See, e.g., *Marchetti* v. *Ramirez*, 240 Conn. 49, 57, 688 A.2d 1325 (1997). Furthermore, the trial judge is in a position to gauge the tenor of the trial, as we, on the written record, cannot, and can detect those factors, whatever they may be, that could have influenced the jury improperly. Id. For those reasons, we give great deference to a trial judge's determination to award an additur.

In accordance with those principles, we find it squarely within the court's discretion to consider the discrepancies between the evidence and the jury's verdict and, in light of the other tangible and intangible factors that coalesce at trial, to conclude that the jury's verdict was manifestly inadequate to compensate the plaintiff for her injuries and losses.[2]

As to the court's additur of $10,000 in noneconomic damages, we find that although a fact finder is not required to award noneconomic damages simply because economic damages are awarded; *Parasco* v. *Aetna Casualty & Surety Co.*, 48 Conn. App. 671, 676, 712 A.2d 433 (1998); it is within the court's discretion to evaluate the evidence presented as to the plaintiff's mental and physical anguish and to conclude that the jury's failure to award noneconomic damages was palpably against the evidence. See *Childs* v. *Bainer*, supra, 235 Conn. 113–14. Here, the court did not abuse its discretion.

Our review of the record reveals that the court evaluated the evidence and the jury's award in a manner consistent with its statutory authority and our jurisprudence sanctioning the exercise of its discretion in appropriate circumstances. We conclude, therefore, that the court properly granted the plaintiff's motion for additur and, after refusal by the defendants, ordered a new trial on the issue of damages.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] In reaching that conclusion, we note that the court confined its additur award only to those economic damages that were supported by uncontroverted testimony and that the plaintiff claimed significantly more than the amount so awarded in medical expenses.