J-A24010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KINGSLEY CHIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIM WALKER-CHIN | : | No. 641 EDA 2021 |

Appeal from the Order Entered February 17, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 191201586

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 17, 2022**

Kingsley Chin appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his motion to strike a judgment. After our careful review, we affirm on the well-reasoned opinion authored by the Honorable Joshua H. Roberts.

Judge Roberts set forth the relevant factual and procedural history of this matter as follows:

> [T]his case has had a lengthy and contentious history in the Family Court Division and on appeal to the Superior Court.
>
> [] Chin and [] Walker-Chin reached a divorce settlement on or about September 5, 2008. Since April 2014, the parties have been engaged in on-again[,] off-again enforcement and contempt proceedings in the Family Court Division related to the divorce settlement.  [The Honorable Holly J.] Ford presided over the

---

[*] Retired Senior Judge assigned to the Superior Court.

proceedings that ultimately resulted in the judgment that [] Walker-Chin transferred to the civil judgment index.

On June 29, 2018, Judge Ford granted [] Walker-Chin's motion to enforce property settlement.  On April 18, 2019, Judge Ford entered an order finding [] Chin in contempt for his failure to comply with her June 29, 2018 order.  In her April 18, 2019 order, Judge Ford specifically stated "[a] judgment shall be entered on the $1,238,164.46 due to [Walker-Chin,] plus post-judgment interest of 6% in accordance with the statute.  Execution of the judgment may commence immediately."  Further, Judge Ford stated that "[Chin] is ordered to pay [Walker-Chin's] additional attorney's fees and expenses in the amount of $3,000.00 regarding this respective petition, within thirty (30) days of the date of this order."

[] Chin appealed Judge Ford's order to the Superior Court, which resulted in a recalculation of the amounts due.  In an order dated June 27, 2019, Judge Ford noted that the applicable interest rate on the stipulated debt should have been calculated at 4.5%, and not 6%.

On December 10, 2019, [] Walker-Chin, through counsel, filed a *praecipe* to transfer and index the judgment against [] Chin with the Office of Judicial Records in the amount of $1,222,426.16[,] plus 4.5% post-judgment interest.

\*     \*     \*

[Chin] filed a motion to strike the judgment, which, because the judgment had been docketed on the civil judgment index, was assigned to this court for disposition.  Following briefing by both parties and oral argument, this court denied [] Chin's motion to strike on February 17, 2021.  [] Chin filed this timely appeal.

Trial Court Opinion, 6/3/21, at 1-3 (unnecessary capitalization omitted; paragraphs reordered for clarity).

Chin raises the following claims for our review:

1.  Whether the [trial] court erred in denying [Chin's] motion to strike *praecipe* to transfer and index judgment and strike/vacate any judgment entered thereon ("Motion to Strike") where [Walker-Chin] filed a "*Praecipe* to Transfer and Index Judgment"

- 2 -

("*Praecipe*") and the Philadelphia Office of Judicial Records ("Office of Judicial Records") entered judgment thereon without the authority of any rule or statute?

2. Whether the [trial] court erred in not striking the *Praecipe* and judgment entered thereon due to Walker-Chin's violations of Philadelphia Family Division Administrative Regulation 97-1 ("Admin. Reg. 97-1") (impounding Family Division Records and barring disclosure of same absent order permitting disclosure), which violations justified striking Walker-Chin's *Praecipe* attaching impounded records of the Philadelphia Court of Common Pleas Family Division (the "Family Division"), and the judgment entered upon such *Praecipe*?

3. Whether the [trial] court erred in denying the Motion to Strike, thereby permitting an intra-county, interdivisional transfer of four Family Division orders . . . to the Philadelphia Court of Common Pleas Civil Division (the "Civil Division") without any authority for the transfer?

4. Whether the [trial] court erred in denying the Motion to Strike, which motion asserted that the Civil Division lacked subject matter jurisdiction over [the] four Family Division orders that Walker-Chin transferred to the Civil Division, where the four orders transferred to the Civil Division arose exclusively from a domestic relations matter, over which the Civil Division lacks subject matter jurisdiction?

5. Whether the [trial] court erred in denying the Motion to Strike, which motion asserted a lack of personal jurisdiction over [Chin] in the civil action Walker-Chin initiated by filing the *Praecipe* . . ., where the undisputed record reflects that [Chin] did not reside in Pennsylvania, had no property in Pennsylvania, and conducted no business in Pennsylvania at the time that Walker-Chin impermissibly transferred four Family Division orders to the Civil Division and entered judgment thereon in the Civil Division?

6. Whether the [trial] court erred in applying a discretionary standard in connection with denying [Chin's] Motion to Strike, where the Motion to Strike did not implicate the discretion of the [trial] court, but rather questions of law?

Brief of Appellant, at 5-7 (unnecessary capitalization omitted).

"A petition to strike a judgment operates as a demurrer to the record and must be granted whenever some fatal defect appears

on the face of the record." ***First Union Nat. Bank v. Portside Refrigerated Servs., Inc.***, 827 A.2d 1224, 1227 (Pa. Super. 2003) (quoting ***PNC Bank v. Bolus***, [] 655 A.2d 997, 999 ([Pa. Super.] 1995)). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.***, [] 700 A.2d 915, 917 ([Pa.] 1997) (citing ***Linett v. Linett***, [] 254 A.2d 7, 10 ([Pa.] 1969)). "Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***City of Philadelphia v. David J. Lane Advertising***, 33 A.3d 674, 677 (Pa. Cmwlth. 2011) (citing ***First Union Nat'l Bank***, 827 A.2d at 1227). Importantly, "[a] petition to strike does not involve the discretion of the [trial] court." ***Cintas Corp.***, 700 A.2d at 919 (citing ***Dubrey v. Izaguirre***, [] 685 A.2d 1391, 1393 ([Pa. Super. 1996)).

***Oswald v. WB Pub. Square Associates, LLC***, 80 A.3d 790, 793–94 (Pa. Super. 2013).

Section 2731 of the Judicial Code provides that "[i]n the first judicial district there shall be one prothonotary for the Court of Common Pleas of Philadelphia County and the Philadelphia Municipal Court, who shall be known as the 'Prothonotary of Philadelphia.'" 42 Pa.C.S.A. § 2731. The office of the prothonotary has the power and duty to . . . **enter all civil judgments**[.]" 42 Pa.C.S.A. § 2737(3) (emphasis added). "The prothonotary shall immediately enter in the judgment index . . . a judgment, whether entered by the court, on order of court **or on *praecipe* of a party**." Pa.R.C.P. 3021 (emphasis added). "[J]udgment means a judgment, order[,] or decree requiring the payment of money **entered in any court which is subject to these rules**, including a final or interlocutory order for payment of costs,

- 4 -

except a judgment against the Commonwealth or a political subdivision."
Pa.R.C.P. 3020 (emphasis added).

Finally, section 4303(a) of the Judicial Code provides as follows:

> (a) Real property.--**Any judgment** or other order **of a court of common pleas** for the payment of money **shall be a lien** upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) **when it is entered of record in the office of the clerk of the court of common pleas** of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

42 Pa.C.S.A. § 4303(a) (emphasis added).

Here, we have reviewed the briefs of the parties, the relevant law, and the thorough and well-written opinion authored by Judge Roberts. We agree with Judge Roberts that: (1) Judge Ford entered a valid, enforceable judgment against Chin pursuant to 23 Pa.C.S.A. § 3502(e)(1) (granting court authority to enter judgment where party fails to comply with equitable distribution order); (2) the judgment index for the Philadelphia Court of Common Pleas as a whole is maintained by the Office of Judicial Records (formerly Office of the Prothonotary), *see* 42 Pa.C.S.A. § 2737(3); (3) there is no fatal defect on the face of the record that would affect the validity of the judgment, see *Oswald*, *supra*; and (4) at all times, the Court of Common Pleas of Philadelphia maintained personal jurisdiction over Chin and subject matter jurisdiction over the matter giving rise to the judgment in question. *See* Trial Court Opinion, 6/3/21, at 4-10.

We further conclude that Philadelphia Family Court Administrative Regulation 97-1 does not act as a bar to the indexing, by *praecipe* of a party, of a duly entered judgment, issued by a Family Court judge, on the sole judgment index maintained in the Philadelphia Court of Common Pleas. It is apparent that the purpose of Administrative Regulation 97-1 is to prevent the dissemination of the type of sensitive, personal, financial, and/or confidential information that is inherent to domestic relations and other matters heard before the Family Court. Here, the judgment in question contains no sensitive information of the type contemplated by Administrative Regulation 97-1. Rather, it simply evidences the debt owed by Chin as a result of the judgment entered by Judge Ford. In this way, it is no different than any other judgment entered in a civil matter.

Because the trial court did not err as a matter of law, **Oswald**, **supra**, we affirm the order denying Chin's motion to strike the judgment. The parties are instructed to attach a copy of Judge Roberts' opinion in the event of further proceedings.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022

- 6 -

denied Mr. Chin's motion to strike on February 17, 2021. Mr. Chin filed this timely appeal.

On appeal, Mr. Chin complains this Court erred in denying the motion to strike because (1) the judgment was not transferrable from the Family Court Division to the Civil Division; (2) the transfer of the judgment violated Family Division Administrative Regulation 97-1 because documents ordinarily maintained under seal in the Family Court were transferred and filed of record in the Civil Division; (3) this Court lacked subject matter jurisdiction; (4) this Court lacked personal jurisdiction over Mr. Chin; (5) the Court improperly considered Ms. Walker-Chin's equitable arguments in denying the motion to strike; and (6) this Court improperly considered facts outside the face of the record.

Upon reviewing the procedural history and the petition, this Court concluded that the judgment had been properly transferred to the civil judgment index, and this Court had jurisdiction over Mr. Chin. Thus, this Court's denial of the petition to strike was proper and this Court's Order should be affirmed.

## A. Procedural and Factual Background

It is clear from the briefs and this Court's review of Judge Ford's Orders attached to those briefs that this case has had a lengthy and contentious history in the Family Court Division and on appeal to the Superior Court (Family Court Docket No. D07038460, Superior Court docket No. 2118 EDA 2018).

Mr. Chin and Ms. Walker-Chin reached a divorce settlement on or about September 5, 2008. Since April 2014, the parties have been engaged in on-again off-

2

again enforcement and contempt proceedings in the Family Court Division related to the divorce settlement. Judge Ford presided over the proceedings that ultimately resulted in the judgment that Ms. Walker-Chin transferred to the civil judgment index.

On June 29, 2018, Judge Ford granted Ms. Walker-Chin's motion to enforce property settlement. On April 18, 2019, Judge Ford entered an Order finding Mr. Chin in contempt for his failure to comply with her June 29, 2018 Order. In her April 18, 2019 Order, Judge Ford specifically stated "A judgment shall be entered on the $1,238,164.46 due to wife plus post-judgment interest of 6% in accordance with the statute. Execution of judgment may commence immediately." Further, Judge Ford stated that "Husband is ordered to pay wife's additional attorney's fees and expenses in the amount of $3,000.00 regarding this respective petition, within thirty (30) days of the date of this Order."

Mr. Chin appealed Judge Ford's Order to the Superior Court, which resulted in a recalculation of the amounts due. In an Order dated June 27, 2019, Judge Ford noted that the applicable interest rate on the stipulated debt should have been calculated at 4.5%, and not 6.0%.

On December 10, 2019, Ms. Walker-Chin, through counsel, filed a praecipe to transfer and index the judgment against Mr. Chin with the Office of Judicial Records in the amount of $1,222,426.16 plus 4.5% post-judgment interest.

Ms. Chin's Petition to Strike the judgment followed, which eventually led to this appeal.

3

## B.    Standard of Review

Mr. Chin contends that the judgment was improperly transferred from the Family Court Division to the civil judgment index.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs*, 683 A.2d 269, 273 (Pa. 1996). A motion to strike is appropriate if the judgment that was entered contains a fatal defect or irregularity apparent from the face of the record and, as a result, the prothonotary lacked authority to enter the judgment. *Id.*

The denial of a petition to strike a judgment is reviewed for an abuse of discretion or error of law. *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915 (Pa. Super. 2006). An abuse of discretion in this context means that this Court, in reaching its conclusion, exercised its judgment in a manifestly unreasonable manner, or demonstrated partiality, prejudice, bias or ill will, as shown by the evidence or the record. *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (internal citation and quotation omitted).

## C.    The Judgment Was Properly Transferred

Judge Ford entered a valid enforceable judgment on the docket. Pursuant to 23 Pa.C.S. § 3502(e)(1):

> If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:
>
> (1) enter judgment; . . .

4

Thus, pursuant to Section 3502(e)(1), Judge Ford was empowered to enter judgment against Mr. Chin. "The judgment represents a binding judicial determination of the rights and duties between the parties, and establishes their debtor-creditor relationship for all the world to notice when the judgment is recorded in a Prothonotary's Office. When entered of record, the judgment also operates as a lien upon all real property of the debtor in that county." *In re Upset Sale, Tax Claim Bureau of Berks County*, 479 A.2d 940, 943 (Pa. 1984).

Thus, in order to effectuate the purpose of Judge Ford's judgment, Ms. Walker-Chin was then permitted to transfer the judgment to the civil judgment index. *See, e.g., Mid-State Bank & Trust Co. v. Globalnet Int'l, Inc.*, 710 A.2d 1187, 1192-94 (Pa. Super. 1998) (recognizing validity of lien or judgment pursuant to section 3502 docketed in civil judgment index). Mr. Chin argues, without any support, that the judgment was not transferable to the civil judgment docket index. Mr. Chin similarly does not cite to any authority in any statute or rule providing for a special "family court division" judgment index that would accomplish the same purpose as the civil judgment index.

Instead, the maintenance by the Prothonotary (or Office of Judicial Records) of a single common pleas judgment docket or index dates back well over 150 years. *See, e.g., Coral Gables, Inc. v. Kerl*, 6 A.2d 275, 276 (Pa. 1939); *Russeck v. Shapiro*, 84 A.2d 514, 515 (Pa. Super. 1951) (citing Act of March 29, 1827, P.L. 154, section 3, 17 P.S. § 1903, and Act of April 22, 1856, P.L. 532, section 3, 17 P.S. § 1922). The

purpose of such an index is to provide notice to purchasers, subsequent

encumbrancers, and others in interest. *Coral Gables*, 6 A.2d at 276.

The current version of the judgment index statute, 42 Pa. C.S. § 4303(a),

provides

> (a) Real property. Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.
>
> (b) Order of court as lien. Any other order of a court of common pleas shall be a lien upon real and personal property situated within any county embraced within the judicial district on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b).
>
> (c) Transfer of domestic judgments and orders. An order of any court of this Commonwealth which is a lien on real or personal property situated within any county of this Commonwealth pursuant to subsection (a) or (b) shall be a lien upon real or personal property situated within any other county to the same extent as if resulting from an order of the court of common pleas of such other county upon compliance with such transfer and filing procedures as may be prescribed by general rule.

The language in section (a) is clear and unequivocal: "[a]ny judgment or other

order of a court of common pleas for the payment of money shall be a lien upon real

property on the conditions … ." The statute does not delineate between common

pleas divisions. It applies to any judgment entered in the court of common pleas.

There is a single, statutorily created judgment index, which provides the most efficient way to provide notice of a judgment or lien to potential creditors.

This statute is derived from the longstanding principles applicable to judgments, and notice of judgments:

> The great weight of authority is that the entry of judgment is a ministerial or clerical act, required to be done by the clerk of the court, . . . and consists of placing a judgment previously rendered on the record, by which enduring evidence of the judicial act is afforded. While the term "entry of judgment" is sometimes used in a general sense so as to include rendition of judgment, it is most often used in a more limited and precise sense as meaning the ministerial act of spreading the judgment at large on the record as distinguished from the judicial act of giving or pronouncing judgment. There must be a compliance with statutes or rules of court regulating the entry of judgments.
>
> A judgment is entered when it is spread at large on the record, and under some statutes not until then.
>
> Under some statutes, however, a judgment is entered when a signed copy of it is delivered to the clerk and filed by him, although not actually transcribed on the record, or when the judgment is duly signed and filed by the clerk. So it has been held that a judgment is in law entered, at least for some purposes, at the time a proper entry thereof is formulated and given to the clerk to be entered of record.
>
> As a general rule, the decisions of all courts must be preserved in writing in some record provided for that purpose. Where a statute so requires, judgments should be entered, and for many purposes a judgment is not complete, perfect, and effective until it has been duly entered. Thus it has been broadly held that judgments take effect only from the date of entry, and that there is no judgment until it is entered of record.

As between the parties, a judgment duly rendered may be valid and effective, although not entered, that is, the neglect or failure of the clerk to make a proper entry of the judgment, or his defective or inaccurate entry of it, at least in the absence of statute to the contrary, will not deprive it of the force of a judicial decision. The enforcement of a judgment does not depend on its entry, or docketing, ...; and, as discussed in Executions § 9 if the judgment has been duly rendered, a valid execution generally may be issued and levied, without either entry or docketing of the judgment, unless specially required by statute.

In the entry or record of a judgment, a clerical error, misdescription, irregularity, omission, or other defect not going to the jurisdiction of the court will not vitiate the judgment or give it an effect which it would not have had if correctly entered provided there is enough in the entry or record to constitute a judgment.

As a general rule, entry of a judgment must be made in the judgment book, journal, or other designated book of record, in accordance with the statutory provisions in that respect. Where the clerk is directed by law to keep certain books for the entry of judgments, or to record judgments in a book specially designated by statute for that purpose, or to enter different kinds of judgments or decrees in different books, and deviates from the course prescribed, the validity and operation of the judgment are not impaired thereby as between the parties, although it may be otherwise as to third persons who are misled, or who fail to receive the notice which a proper entry would have afforded them, and . . . entry in the wrong book may prevent the judgment from becoming a lien.

*Federal Land Bank of Baltimore v. Sustrik*, 533 A.2d 169, 174 (Pa. Super. 1987)

(quoting *Lansdowne v. G.C. Murphy Co.*, 517 A.2d 1318, 1321-22 (Pa. Super. 1986)

(quoting 49 C.J.S. Judgments, §§ 106, 107 & 109 n. 97)).

In sum, the order signed by Judge Ford entering judgment in favor of Ms.

Walker-Chin and against Mr. Chin required an additional step to reflect the

8

judgment on the civil judgment index. Ms. Walker-Chin had to transfer the judgment to the civil judgment index. Orders entered in the family court division are not automatically transferred. Ms. Walker-Chin took the appropriate steps to transfer the judgment, and Office of Judicial Records appropriately accepted transfer of the judgment. In the absence of these steps, the judgment would not appear on any inquiries made by potential creditors or others with interest in any liens or encumbrances against Mr. Chin. In other words, the purpose and priority of the judgment would be negated.

Mr. Chin does not point to any defect or irregularity in the record of the judgment being recorded that would render the judgment as invalid or leave the Office of Judicial Records without the authority to enter judgment. Thus, the Ms. Walker-Chin properly transferred the judgment to the civil judgment index and this Court properly denied the petition to strike.

## D.    Mr. Chin's Other Issues Lack Merit

Mr. Chin raises several arguments in his 1925(b) statement which are not applicable and/or for which he cites no supporting authority.

As an initial matter, Mr. Chin argues that this Court lacked personal and subject matter jurisdiction over Mr. Chin and, presumably, the judgment. A court must have jurisdiction over a party to enter judgment against him. An action taken by a court without jurisdiction is a nullity. *Dubrey v. Izaguirre*, 685 A.2d 1391, 1393 (Pa. Super. 1996).

9

The jurisdictional arguments make little sense in context. Mr. Chin availed himself of the Philadelphia Court of Common Pleas when he initiated proceedings in this court's family division in March 2007. He is the named plaintiff. When Ms. Walker-Chin transferred the judgment from the family division to the civil judgment index, she never "left" the Philadelphia Court of Common Pleas. She simply reduced Judge Ford's order entering judgment to the only civil judgment index maintained in Philadelphia. At all times, the Philadelphia Court of Common Pleas, whether through Judge Ford or this Court, had jurisdiction over Mr. Chin. And the Family Court will continue to have jurisdiction over Mr. Chin in the domestic relations case. Thus, this Court concluded that it had jurisdiction over both Mr. Chin and the judgment.

Mr. Chin also argues that Ms. Walker-Chin violated Family Division Administrative Regulation 97-1 because she filed documents ordinarily maintained under seal in the family court to the civil dockets. It is this Court's view that any enforcement of any alleged violation of the family division's administrative regulation – and this Court does not offer a view one way or another – lies with the family division. Mr. Chin could seek the appropriate remedy with Judge Ford. Whether or not Ms. Walker-Chin violated the regulation by transferring the judgment to the civil judgment index, however, was not a basis for this Court to strike the judgment.

Finally, Mr. Chin argues, without citing any facts or legal authority, that this Court improperly considered Ms. Walker-Chin's equitable arguments and/or facts

outside the face of the record. Because Mr. Chin does not provide any support for these arguments in his 1925(b) statement, this Court is unable to address them. In any event, in considering the petition to strike, this Court only considered the face of the judgment itself, as filed on the civil docket.

Thus, none of the other arguments raised by Mr. Chin have merit.

## E.	Conclusion

For the foregoing reasons, this Court respectfully submits that its Order denying the Petition to Strike was not an abuse of discretion and was an appropriate exercise of judicial discretion. The Superior Court should affirm this Court's Order denying the Petition to Strike.

BY THE COURT:

Joshua Roberts, J.

Dated: June 3, 2021